## TOWN OF PAOLI *v.* CHARLES, TREASURER.

[No. 20,535.    Filed May 23, 1905.]

1. STATUTES.—*Construction.*—*County Treasurers.*—*Compensation for Collecting Town Taxes.*—Sections 4390 and 4391 Burns 1901, providing that a county treasurer who collects town taxes shall receive such compensation as is allowed by the county for like services, are superseded by the act of 1895 (Acts 1895, p. 319, §21) providing a flat salary for the county treasurer. p. 691.

2. OFFICERS.—*County Treasurers.*—*Compensation.*—*Fee and Salary Law.*—Under the fee and salary law as amended in 1897 (Acts 1897, p. 171), the county treasurers are allowed a fixed salary and six per cent. on all delinquent taxes collected, and no more. p. 692.

3. SAME. — *County Treasurers.* — *Collecting Delinquent Taxes for Towns.*—*Compensation.*—A county treasurer who collects delinquent taxes for towns is entitled to the six per cent. commission on such collection. p. 693.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by George A. Charles as treasurer of Orange county against the Town of Paoli. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Samuel R. Lambdin,* for appellant.
*Arthur McCart* and *Perry McCart,* for appellee.

HADLEY, J.—Action by appellee, as treasurer of Orange county, against appellant, an incorporated town within said county, to recover for services in collecting appellant's municipal taxes for the years 1901 and 1902, amounting in the aggregate to $13,564, including $6,173 of school taxes.

A demurrer to the complaint was overruled. Answer, the general denial. Trial by the court. Special finding and conclusions of law in favor of appellee, upon which judgment was rendered for $218.48, the same being six and thirty-two-hundredths per cent. of the total amount of fees and salary received by appellee for services as county treasurer for the years 1901 and 1902.

The single question presented, and which arises alike upon the demurrer to the complaint and conclusions of law, challenges appellee's right to maintain the action. From the outset it should be borne in mind that this is a suit by a county officer to recover a compensation to which he claims to have become entitled while, and by exercising the powers and performing the duties of, county treasurer.

1. The legislature, by §4249 Burns 1901, Acts 1885, p. 199, has made it the duty of county treasurers to collect the taxes of incorporated towns within their respective counties, whenever the same appears upon the county duplicate in the manner provided by the statute. It is not to be implied from his office that the county treasurer is to collect only the taxes belonging to the county, but when required according to legislative direction he must collect all the taxes assessed within the borders of his county, whether state, township, or town, including also special assessments for the improvement of streets, highways and drains, without reference to locality or district. And it may be said to be as much his duty, as county treasurer, to collect the one class as the other. The officer accepts the office not only subject to all the positive duties affixed to it, but subject also to all the duties that may be subsequently imposed directly by the General Assembly or by others upon authority granted by the legislative body.

Appellee, to sustain the judgment, relies upon §§4390, 4391 Burns 1901, §§3353, 3354 R. S. 1881, which provide that the trustees of an incorporated town may, at their option, deliver the town tax duplicate to the county auditor,

who shall thereupon enter such taxes upon the county duplicate, and the county treasurer shall collect the same as other taxes, and for which service the auditor and treasurer shall be allowed and paid by the corporation the same compensation as is paid by the county for like services. These provisions, however, lend no support to the judgment, for the reason that, so far as they relate to the compensation of the auditor and treasurer, they are not applicable to existing legislation upon the subject. The act of 1895, known as the salary law (Acts 1895, p. 319, §21, §6426 Burns 1901), substitutes an entirely new and different scheme for the compensation of county officers, in which a flat salary, in lieu of previous fees and percentage and part fees and part salary, is provided as full compensation for the services required of such officers, except as therein prescribed. All previous laws in conflict with the plan of 1895 are repealed to the extent of the conflict. (§138.)

2.   Section 6426, *supra,* provides:  "The county officers named herein shall be entitled to receive for their services, the compensation specified in this act,  *  *  *  and they shall receive no other compensation whatever;" that is, for performing all the usual and appropriate duties imposed upon the office by legislative authority the officer shall only be entitled to receive the salary and such other allowances as are specified in the act. In addition to the specific salary allowed the treasurer, he is entitled by the act to six per cent. upon all delinquent taxes collected by him (§6525 Burns 1901, Acts 1897, p. 171), and these two items make up the sum total of his compensation for the performance of all the duties pertaining to the office of county treasurer. The chargeable fees collected by this officer must be reported to the auditor each quarter, and kept in the treasury, marked "treasurer's fund" (§6530 Burns 1901, Acts 1895, p. 319, §124), and the treasurer's want of title thereto is very clearly stated by the act in these words: "Nothing herein contained shall be construed in any event

as to allow any of the officers herein named the salaries herein provided and also the fees required to be taxed except as otherwise specified" (§6540 Burns 1901, Acts 1895, p. 319, §136). Under the old law, when all the services for the collection of taxes were recompensed by a percentage of the amount collected, there was both reason and significance in providing a like compensation for like services performed for an incorporated town; but the provision can have no force when applied to the present system of paying a lump sum for the collection of all the current taxes placed by the auditor on the county duplicate by authority of law.

3. As we have seen, treasurers are allowed, in addition to their salary, six per cent. of the amount of delinquent taxes collected by them, and this they are doubtless entitled to against incorporated towns as well as against the county; but our attention has not been directed to any provision of the law, now in force, by which their compensation may be increased above their fixed salary, except by commission on delinquent taxes collected as above noted.

It follows that the court erred in overruling the demurrers to the complaint. Judgment reversed, and cause remanded, with instructions to sustain the demurrer to each paragraph of the complaint.