## BOARD OF COMMISSIONERS OF THE COUNTY OF CLINTON v. GIVEN.

[No. 20,858. Filed April 12, 1907. Rehearing denied December 12, 1907.]

1. PLEADING.—*Complaint.*—*Allegations of Ownership.*—*Demurrer.* —*Admissions by.*—Allegations in a complaint, by a sheriff, that the county was not entitled to certain fees, and that they were the property of such sheriff and were paid to the county for his use and benefit, are conclusions, and are not admitted as true by a demurrer to the complaint. p. 471.

2. FEES AND SALARIES.—*Treasurers.*—*Levy and Execution Sale.*— *Expenses.*—*Reimbursement.*—*Statutes.*—Section 6527 Burns 1901, Acts 1895, p. 319, §121, providing that county treasurers shall levy upon and sell the property of delinquent taxpayers for the payment of their taxes and that the same fees and charges shall be charged therefor as are allowed to constables for similar services, contemplates the reimbursement of such treasurers, by their counties, for the money actually needed in taking care of the property levied upon. p. 473.

3. STATUTES.—*Construction.*—*Consideration of Other Statutes.*— The purpose of construing a statute is to determine the legislative intent; and for such purpose the court will examine all parts

of the statute as well as the existing or repealed statutes relating to the same subject-matter. pp. 474, 483.

4. STATUTES.—*Salaries.—Treasurers' Demand Fees.—Ownership.*—Sections 6525, 6527 Burns 1901, Acts 1897, p. 171, §1, and Acts 1895, p. 319, §121, providing that county treasurers shall collect delinquent taxes, charging therefor certain fees, construed with §6530 Burns 1901, Acts 1895, p. 319, §124, providing that such fees shall be paid into the county treasury and shall constitute the "treasurer's fund," and §6426 Burns 1901, Acts 1895, p. 319, §21, providing that the officers therein named shall receive the salaries therein provided but no fees, except as otherwise provided, give treasurers no right to the demand and levy fees charged in the collection of delinquent taxes. *Town of Paoli* v. *Charles*, 164 Ind. 690. limited. pp. 475, 478, 484.

5. SAME.—*Implications.*—That which is within the intent, though not within the letter, of a civil statute is held to be governed thereby. p. 477.

6. SAME.—*Treasurers. — Fees. — Demand. — Levy.* — Under §8571 Burns 1905, Acts 1903, p. 49, §21, county treasurers are required to charge and collect a demand fee of fifty cents upon all delinquents, and a levy fee of twenty-five cents in addition thereto, where a levy is made. p. 481.

7. APPEAL.—*Mandate.—Death.*—In case of the death of a party after submission and before a decision on appeal, the mandate will be made to operate as of the date of submission. p. 482.

8. STATUTES.—*Construction.—Mischief Remedied.*—That construction of a statute will be given which will correct the mischief intended to be remedied. p. 483.

9. SAME.—*Construction.—Subsequent Statutes.—Consideration of.*—Neither the act of 1901 (Acts 1901, p. 309, §3884a Burns 1901), providing that in certain counties the county treasurers shall receive the fees for the collection of delinquent taxes "in addition to" the salaries provided by law, nor the act of 1903 (Acts 1903, p. 49, §8571 Burns 1905). increasing such fees, shows a legislative construction of the act of 1895 to the effect that all treasurers should receive such fees in addition to their salaries. pp. 484, 487.

10. SAME.—*Construction.—Subsequent Statutes.*—The act of 1907 (Acts 1907, p. 502, §7319 *et seq.* Burns 1908), increasing the salaries of county treasurers and providing that existing laws shall not otherwise be affected, does not give such treasurers the right to the fees for collection of delinquent taxes in addition to their salaries. p. 485.

From Clinton Circuit Court; *Jere West*, Special Judge.

Action by Alexander B. Given against the Board of Commissioners of the County of Clinton. From a judgment for

plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901, p. 590. *Reversed.*

*Harry C. Sheridan,* for appellant.

*Morrison & Kent, Samuel M. Ralston, Frank Ellis, C. L. Medsker* and *Taylor, Woods & Willson,* for appellee.

JORDAN, J.—Action by appellee to recover from appellant $517 arising out of "demand fees" collected and received by him as treasurer of said county on account of demands made by him during his term of office for the payment of delinquent taxes. The complaint was filed in the Clinton Circuit Court on September 16, 1904, and therein appellee alleged that he was elected treasurer of said county at the November election, 1900, and held the office from January 1, 1901, until January 1, 1903; that it was part of his duties to make demands upon the taxpayers when their taxes became delinquent; that many of the taxpayers of said county of Clinton, during his term of office, permitted their taxes to become delinquent, and that he made demand for the payment thereof during his term of office; that he was permitted to charge and receive from each taxpayer who paid delinquent taxes upon demand, as an emolument of his office, the sum of twenty-five cents for each and every demand made as aforesaid; that on the quarter ending March, 1901, he collected of such demand fees the sum of $12. (Here the itemized account of the demand fees collected by him is continued on to December 31, 1902, showing that he collected in all the sum of $517.) It is further averred that each and all of said several sums of money belonged to the plaintiff, and that he was at said time, and yet is, entitled to receive the same as the emoluments of his office; that when he made a settlement with the defendant county he did not retain and keep said sums of money, nor any part thereof, but that he left the full amount aforesaid in the treasury of said county, and the same is yet in possession of the defendant, and

defendant holds same to the plaintiff's use; that on October 24, 1904, he filed his claim with the auditor of the county, in the commissioner's court, for said money; that his said claim was rejected and disallowed by the board of commissioners on November 9, 1904. Wherefore he demands $550. To this complaint appellant demurred for want of facts. Its demurrer was overruled and exceptions duly reserved. Answer in three paragraphs, the first of which was the general denial. The latter was subsequently withdrawn and a demurrer was sustained to the second and third paragraphs of the answer. Thereupon appellant elected to stand upon its demurrer to the complaint, and on the demurrer to the second and third paragraphs of the answer and the rulings of the court relating thereto, and refused to plead further. Judgment was thereupon rendered in favor of appellee on the pleadings in the sum of $517.

The cardinal question involved in this appeal is: Does the money arising out of the demand fees collected by appellee, which he appears to have paid over to the county treasurer, and which he is now seeking to recover, belong to him, or does it belong to the county, and was appellee required to account for the same and pay it over to the county treasurer? If the latter view is sustained, then appellee has no basis whatever upon which to predicate his action. It is true that the complaint alleges that the county was not entitled to the money arising 1. out of these fees, that the money was the property of appellee, and that it was by him paid over to the county for his own use and benefit. These averments are more in the nature of conclusions of law than statements of facts, and the demurrer to the complaint must be regarded as admitting as true only such facts as are well pleaded, and not conclusions of law. We are advised by appellee's counsel that this action is bottomed upon section 119 of the fee and salary act of 1895, as amended in 1897 (Acts 1897, p. 171, §6525 Burns 1901). This section reads as fol-

lows: ''After the third Monday of April the treasurer shall cause a list to be made of the delinquents, with the amount due from each, and with a separate column headed 'return,' which list shall be certified to be correct by the county auditor. He shall then proceed with such list, which, when so certified, shall be a sufficient authority, and have the same force and effect as an execution, and call either in person or by deputy, upon every person named in the duplicate who is delinquent, and who resides in the county, and he shall make a demand for the amount of such delinquent taxes, and the penalty thereon, of each resident delinquent, and if the taxes and penalty are not paid on such demand, he shall proceed immediately to levy upon sufficient personal property of such delinquent to pay such taxes, penalty and the cost of sale, and to sell the same in the manner, and at the place hereinafter provided. In case such delinquent tax and penalty is paid on demand, such treasurer shall charge and receive from such delinquent, in addition to the taxes and penalty, the sum of twenty-five cents, and where a levy is made, he shall charge and receive, in addition to his other costs, the sum of fifty cents for such demand. When he can find no personal property of such delinquent within the county upon which to levy, after diligent search therefor, he shall make opposite to the name of such persons on said lists in the column marked 'return,' a special return setting forth the fact that he had made diligent search in the county for personal property of such delinquent, and was unable to find any upon which to levy for the payment of the taxes due thereon, which return shall be *prima facie* evidence of the facts therein cited. * * * Each county treasurer shall be allowed, in addition to the salary provided by this act, a commission of six per cent upon all delinquent taxes collected by him.'' By this amended section the commission of four per cent originally allowed the treasurers for collecting delinquent taxes was increased to six per cent.

Section 121 of the fee and salary act of 1895 (Acts 1895,

p. 319, §6527 Burns 1901), reads as follows: *"For levying and making sale of personal property to pay delin-*
2. *quent taxes in addition to the fee for the demand upon the resident delinquent, the treasurer shall be allowed the same fee and charges as are allowed by law to constables for making levy and sale of personal property on execution and expenses for taking care of property levied on.* The board of commissioners shall in no case allow the county treasurer his salary, or any installment or part thereof, until they are fully satisfied the three sections last above and all other laws requiring the treasurer to collect delinquent taxes have been fully and strictly complied with." (Our italics.) Of course the latter section contemplates that the treasurer shall be reimbursed for the expenses which he actually incurs for taking care of the property of the delinquent taxpayers upon which he has levied. Appellee's counsel contend that neither §6525, *supra,* nor §6527, *supra,* purports to "make or unmake title to the fees which the county treasurer is authorized thereunder to collect." It is argued that this is demonstrated by the fact that the legislature, in the act in question, in regard to the fees to be taxed and collected by the other officials, viz., clerk of the circuit court, sheriff, auditor and recorder, who are each required to pay such fees into the county treasury, has expressly provided that these officials shall, on behalf of their respective counties, "tax and charge, upon the proper books to be kept for that purpose  *  *  *  the fees and amounts provided by law on account of services performed," but that such fees shall in no sense belong to or be the property of such officer, but shall belong to and be the property of the county. It is therefore argued that there is a radical difference between the provisions of the fee and salary law of 1895 relative to the title of the fees charged and collected by the above-mentioned officers and the title of the demand and levy fees which are to be charged and collected by the treasurer. It is insisted that because of the absence of the above-mentioned

provisions of the act which relate to clerks, sheriffs, auditors and recorders, and because they expressly deny the right or title of these officers to the fees required to be charged and taxed by them, the legislature must be held to have intended to authorize county treasurers to retain as their own the demand and levy fees.

In an attempt to discover the intention of the legislature in respect to the ownership of the fees in controversy, possibly if we were confined alone to the provisions of

3. §§6525, 6527, *supra,* without being permitted to refer to or consider other provisions of the act of 1895, we might be justified in concluding that by the provisions which declare that the "treasurer shall charge and receive from such delinquent * * * the sum of twenty-five cents," and that "he shall charge and receive, in addition to his other costs, the sum of fifty cents for such demand, and that he shall be allowed the same fee and charges that are allowed by law to constables for making levy and sale of personal property on execution, the legislature intended to permit the treasurer to charge and receive such fees as his own. The purpose of construing a statute is to discover the intention of the legislature, and, in searching for legislative intent, a court, among other things, is authorized to examine all parts of the statute and all other laws in force, or which have been repealed, bearing upon the same subject. Sections 6525, 6527, *supra,* in the main were copied from sections 120, 122 of the fee and salary act of 1891 (Acts 1891, p. 424). These sections in the latter act, as do §§6525, 6527, *supra,* embrace the fee provisions pertaining to county treasurers. That part of §6525, *supra,* which provides that: "in case such delinquent tax and penalty is paid on demand, such treasurer shall charge and receive from such delinquent, in addition to the taxes and penalty, the sum of twenty-five cents, and where a levy is made, he shall charge and receive, in addition to his other costs, the sum of fifty cents for such demand," was copied by the draftsmen of the fee

and salary act of 1891, *supra*, from section 153 of the tax
law enacted at the same session of the legislature in 1891
(Acts 1891, p. 199, §8571 Burns 1901), and which was in
force at the time the fee and salary act of 1891 was passed.
These same provisions were copied by the framers of the tax
law of 1891 from section 158 of the tax law of 1881 (§6427
R. S. 1881). Section 121 of the fee and salary act of 1895
(Acts 1895, p. 319, §6527 Burns 1901) constituted section
122 of the salary act of 1891 (Acts 1891, p. 424), and that
portion of this section which we have embraced in italics was
by the framers of the latter statute copied from section 160
of the tax law of 1891 (Acts 1891, p. 199, §8578 Burns
1901).

In searching for the legislative intent relative to the owner-
ship of the fees in controversy, the inquiry naturally arises:
What was the purpose or object of the lawmakers in
4. copying into the fee and salary act of 1891, relative to
county treasurers, the aforesaid provision as con-
tained in sections 153, 160 of the tax law of 1891? The fee
and salary act of the latter year, as does that of 1895, pur-
ported to provide a complete system of fees to be charged by
the county officers therein named for official services by them
performed. The legislature of 1891 certainly recognized
the fact that at the time the fee and salary act of that year
was passed fees which were authorized to be charged and re-
ceived by county treasurers for services rendered by them
under the provisions of the statute of 1891, were prescribed
and fixed by the latter act, and thereunder, when collected,
in the absence of any legislation to the contrary, would be-
long to these officials and not to the county. Evidently then
the provisions of sections 153, 160 of the tax law of 1891
were incorporated into the salary statute of that year for
the purpose and with the intention of the lawmakers of
bringing the demand and levy fees for services rendered by
county treasurers in the collection of delinquent taxes with-
in the effect and control of the provisions of said fee and sal-

ary act, the legislature intending thereby that such fees were no longer to be charged and received on behalf of the treasurers, but were to be charged and collected in favor of the county, and the amount so collected to be turned into the county treasury, as prescribed by section 125 of the fee and salary act of 1891 (Acts 1891, p. 424), to constitute and be known as the "treasurer's fund." That the legislature which passed the act of 1895 had the same purpose in view by incorporating these provisions into §§6525, 6527, as had the legislature of 1891 is certainly true. Section 125 of the salary act of 1891 was copied word for word into the act of 1895 and constitutes section 124 thereof (Acts 1895, p. 319, §6530 Burns 1901). Turning to this section, we find that it requires county treasurers, in like manner as clerks, sheriffs, auditors and recorders, to make quarterly reports to the county auditor of the amount of fees collected by each of them during the preceding three months, and to pay over to the county treasurer the fees so collected, and the amounts so paid shall become and be known as the "treasurer's fund." What fees did the legislature intend or contemplate should be reported in accordance with the provisions of §6530, *supra*, by the treasurer and by him turned into the county treasury, to be known as the "treasurer's fund?" Certainly the demand and levy fees prescribed and fixed by §§6525, 6527, *supra*. These are, so far as we are aware, the only fees which the county treasurer, in the discharge of his official duties, is authorized to charge and collect. The legislation in regard to county officers is introduced by section twenty-one of the salary act of 1895 (Acts 1895, p. 319, §6426 Burns 1901), which in terms provides: "The county officers named herein shall be entitled to receive for their services, the compensation specified in this act, which compensation is graded in proportion to the population and the necessary services required * * * subject to the conditions herein prescribed, and they shall receive no other compensation whatever." Section 136 of said act (Acts 1895,

p. 319, §6540 Burns 1901) declares: ''Nothing herein contained shall be so construed in any event as to allow any of the officers herein named the salaries herein provided and also the fees required to be taxed except as otherwise specified.''

In the case of *Seiler* v. *State, ex rel.* (1903), 160 Ind. 605, we fully considered and reviewed the several provisions of the salary act of 1895. In construing the closing part of section twenty-one thereof we said in that appeal, on page 620: ''When the clause therein which declares 'and they shall receive no other compensation whatever' is construed along with other provisions, especially section 136, it becomes evident that the officers are to receive no other compensation by the way of fees or salary in addition to the annual salary fixed by the act, 'except as otherwise specified,' as is declared by section 136.'' We further said, on page 621: ''We may repeat that it is evident from an examination of section 136 and other parts of the act, that what the legislature intended most emphatically to deny was the right of the county officer to receive, in addition to his salary, the fees required under law to be taxed and charged and paid into the county treasury.'' Conceding, by way of argument only, that the contention of appellee's learned counsel that there is no provision in the fee and salary act of 1895 expressly denying the title of the treasurer to the fees in question and conferring the title thereto upon the county may be true, nevertheless it is evident that the statute is impressed with the legislative intent that the county officers mentioned should be denied, in the absence of any sufficient reason to the contrary, the right to receive and hold for their own use any money arising out of what may be properly termed fees charged and taxed by them for the performance of their official services. It is a well-settled rule that a matter which is within the intent or spirit of a statute is as much within the law and is the same in effect as if it were within its express letter. What is clearly im-

plied in an act of the legislature is as effectual as that which is expressed therein. *Conn* v. *Board, etc.* (1898), 151 Ind. 517; *Hawthorne* v. *Board, etc.* (1892), 5 Ind. App. 280; *United States* v. *Babbit* (1861), 1 Black (U. S.) 55, 17 L. Ed. 94; *Pompton* v. *Cooper Union* (1879), 101 U. S. 196, 25 L. Ed. 803.

In the appeal of *State, ex rel.,* v. *Boice* (1895), 140 Ind. 506, which was an action by the board of commissioners of Benton county against the treasurer to recover fees which he had charged and collected as such officer under the provisions of the fee and salary act of 1891, which, in that appeal, was held to be unconstitutional because it failed to provide any salary for the treasurer of Shelby county, it is disclosed that this court entertained the opinion that the fees authorized to be charged and collected by county treasurers, under said statute, would, in the absence of its invalidity, have belonged to the county. On page 515 of the opinion given upon the petition for rehearing, Hackney, J., speaking for the court, said: "Treating the fees sued for as having been taxed pursuant to the act of 1891, they would have belonged to the 'treasurer's fund' but for the invalidity of the act." In the case of *Starr* v. *Board, etc.* (1907), 40 Ind. App. 7, the court denied the right or title of a sheriff to what are commonly denominated the "in and out fees" authorized to be charged and taxed by sheriffs under section 122 of the fee and salary act of 1895 (Acts 1895, p. 319, §6528 Burns 1901), which provides: "For every person committed to jail, to be paid by the county twenty-five cents. For discharging each prisoner from jail, to be paid by the county twenty-five cents." This holding on the part of the Appellate Court was, on a petition to transfer, approved by the Supreme Court, to the extent as held in *City of Huntington* v. *Lusch* (1904), 163 Ind. 266. In the appeal of *State, ex rel.,* v. *Flynn* (1903), 161 Ind. 554, 581, in speaking in regard to the fees to be

charged and accounted for under the statute of 1895 by the clerk of the circuit court, we said: "Of course, it must be conceded, and cannot be successfully denied, that the clerk, under the requirements of the act of 1895, must charge and tax, on behalf of the county, and account to the latter as therein provided, for all fees which arise out of official services performed by him for any person or for the county or any other municipality. The mere fact that the fees which the law exacts shall be charged and taxed by the officer are to be paid by the county does not exempt him from reporting them at his quarterly settlement if collected, and returning or paying the money into the county treasury as provided by section 124 of the statute in controversy." In the case at bar we are dealing solely with "fees" pure and simple. In fact, the law by which they are authorized recognizes them as fees, for the language employed by the legislature in §6527, *supra,* is "for levying, * * * *in addition to the fee* for the demand upon the resident delinquent, the treasurer shall be allowed the same *fee* and charges as are allowed by law to constables," etc. (Our italics.) It is the fees that are required to be charged or taxed by law which, by the legislative mandate, as declared in §6540, *supra,* are in no event to be allowed to the officers named in the salary act of 1895 in addition to their salaries, "except as otherwise specified."

Counsel for appellee have not referred us to any act of the legislature enacted since the passage of the salary act of 1891, wherein it is in any manner specified or provided that county treasurers shall, in addition to their salaries, be allowed the money arising out of the demand and levy fees accruing on account of the performance of their official duties in the collection of delinquent taxes. In providing in §6525, *supra,* that the treasurer should be allowed the commission therein designated upon all delinquent taxes collected, the legislature was careful to specify that such commission should be "in addition to the salary provided by

this act.'' Counsel for appellee criticise the decision in *Town of Paoli* v. *Charles* (1905), 164 Ind. 690, and assert that the language therein employed by the writer of the opinion, in the main, is mere dicta, and therefore the decision should not be regarded as authority in determining the question involved in the case at bar. That action was instituted by a county treasurer against an incorporated town to recover in his own right and in his own behalf money arising out of services performed by him as treasurer in collecting taxes for the town in question. It was held in' that appeal that such action could not be maintained by the treasurer for the reason that he was not entitled to the money in his own right for official services which he had rendered the town, save and except any commission accruing upon the collection by him of the town's delinquent taxes. In the reasons advanced in that case, broad or unlimited language was used, which, while not intended, might militate against the holding in *Seiler* v. *State, ex rel., supra,* relative to the fee and salary act of 1895. To illustrate: In construing that part of section twenty-one of the fee and salary act of 1895 (Acts 1895, p. 319, §6426 Burns 1901), which declares ''and they shall receive no other compensation whatever,'' it is said: ''That is, for performing all the usual and appropriate duties imposed upon the office by legislative authority the officer shall only be entitled to receive the salary and such other allowances as are specified in the act. In addition to the specified salary allowed the treasurer, he is entitled by the act to six per cent upon all delinquent taxes collected by him (§6525 Burns 1901, Acts 1897, p. 171), and these two ,items make up the sum total of his compensation for the performance of all the duties pertaining to the office of county treasurer.'' In making this statement the writer of the opinion evidently did not have in mind the holding in *Seiler* v. *State, ex rel., supra,* under which the county treasurer is also entitled to have and receive for his own use the per diem

allowed him for serving as a member of the county board of review. Neither is the statement therein to the effect that the officer is to receive in addition to his salary only "such other allowances as are specified in the act" strictly correct. The legislature, by the phrase contained in section 136 of the fee and salary act of 1895 (Acts 1895, p. 319, §6540 Burns 1901), to wit, "execept as otherwise specified," did not intend thereby to refer to and include only exceptions made by the legislature relative to the officer receiving any fees or allowances in addition to the salary provided, as made in said salary act, but evidently intended to include any exceptions to this effect specified in any other statute. In the case of *Town of Paoli* v. *Charles, supra,* the court further said, and properly so, we think: "The chargeable fees collected by this officer [county treasurer] must be reported to the auditor each quarter, and kept in the treasury, marked 'treasurer's fund' [citing the statute], and the treasurer's want of title thereto is very clearly stated by the act in these words: 'Nothing herein contained shall be construed in any event as to allow any of the officers herein named the salaries herein provided and also the fees required to be taxed except as otherwise specified.' " §6540. *supra.*

It appears that section 153 of the tax law of 1891, the provisions of which, as previously shown, were copied into and formed a part of section 120 of the salary act of 1891 and the act of 1897 (Acts 1897, p. 171, §6525 Burns 1901), was amended by the legislature in 1903 (Acts 1903, p. 49, §21, §8571 Burns 1905). By this amendment the time at which the treasurer was directed to make a delinquent list is changed from "after the third Monday of April" to "after the first Monday of May," and the demand fee is increased from twenty-five cents to fifty cents, and the levy fee from fifty cents to seventy-five cents. Aside from the above-mentioned changes, the provisions of said

section 153, so far as they are incorporated into and form a part of the salary act of 1897, *supra,* remain unchanged. It is evident, however, that the effect of the amendatory act of 1903 is to change or modify by implication the provision relative to the demand and levy fees as fixed by the act of 1897, *supra.* Therefore, since the taking effect of said amendatory act of 1903, the treasurer is required to charge and collect on behalf of the county fifty cents for making the demand upon the delinquent taxpayer, and when a levy is made he is to charge a fee of seventy-five cents.

After giving the questions here involved patient and careful consideration, we are constrained to conclude and hold that, under the law, the demand and levy fees which a county treasurer is required to charge and collect belong to the county and not to the officer, and that the latter must account for the same and turn them into the county treasury, as required by section 124 of the fee and salary act of 1895 (Acts 1895, p. 319, §6530 Burns 1901). It follows, therefore, that the complaint in this case does not state a cause of action, and the court erred in overruling the demurrer. The judgment is reversed and cause remanded, with instructions to the lower court to sustain the demurrer to the complaint. It appearing that appellee has died since the submission of this cause, the judgment herein will therefore be entered as of the date of submission.

## ON PETITION FOR REHEARING.

JORDAN, J.—A petition for rehearing is presented in this case, based upon the grounds that the court erred, (1) in holding that the county and not the treasurer is entitled to the demand fees in the collection of delinquent taxes; (2) in holding that the complaint in this case does not state a cause of action.

We believe that the question involved was so fully consid-

ered at the original hearing that in reason very little in addition can be said in support of the conclusion reached. But, by reason of the earnest contention of counsel for appellee that the petition for rehearing ought to be granted, we have concluded to give some further expression of our views in regard to the interpretation of the law involved in this appeal. In the construction of a statute it is the spirit and purpose thereof for which regard must be had. If the legislative intent is fairly expressed therein, the law should be so construed by the courts as to carry out such intent. In fact it is the duty of the court to accept a valid act of the legislature and give full force and effect to its provisions. Where the statute is clear upon its face, and is farily susceptible of but one construction, such construction must be given. As we view the act here involved, there is neither doubt nor ambiguity in regard to the intention of the legislature in respect to the ownership of the fees in dispute in this case. That under its express declaration they were intended to be the property of the county is beyond successful controversy. *State* v. *Sopher* (1901), 157 Ind. 360.

The mischief which the legislature, in the enactment of the fee and salary acts of 1891 (Acts 1891, p. 424) and 1895 (Acts 1895, p. 319), intended to remedy was that of compensating county officers by the fees charged and taxed by them as authorized by former laws. In giving a practical construction to a law, a well-settled rule requires a court to look at the defects which existed at the time of its passage, or, as in this case, which existed at the time of the enactment of the fee and salary act of 1891, from which the act of 1895 was principally copied. In construing the statute, where the same is open to construction, it is the province and duty of a court so to interpret it as to advance the remedy and suppress the mischief, as contemplated by the legislative department. *Spencer* v. *State* (1854); 5 Ind. 41; *State, ex rel.,* v. *Denny*

(1879), 67 Ind. 148; *State, ex rel.,* v. *Forkner* (1880), 70 Ind. 241; *City of Evansville* v. *Summers* (1886), 108 Ind. 189; 1 Cooley's Blackstone (4th ed.), *87.

To reiterate, at least in part, what we said in our former opinion, section 119 of the fee and salary act of 1895, as amended in 1897 (Acts 1897, p. 171, §6525 Burns 1901), provides: "In case such delinquent tax and penalty is paid on demand, such treasurer shall charge and receive from such delinquent, in addition to the taxes and penalty, the sum of twenty-five cents, and where a levy is made he shall charge and receive, in addition to his other costs, the sum of fifty cents for such demand." At the session of 1901, the legislature passed an act concerning the collection of delinquent taxes in counties having a population of more than one hundred thousand, according to the last preceding United States census. Acts 1901, p. 309, §3884a Burns 1901. The first section of this act provides that "after the first Monday in May the treasurer of all counties in the State having a population of more than one hundred thousand, by the last preceding United States census, shall cause a list to be made of the delinquents, with the amount due," etc. This section, with some exceptions, is of similar import to §6525, *supra.* It requires the county treasurer of the counties to which it is applicable, either in person or by deputy, to make a demand upon every resident taxpayer who is delinquent, for the amount of his delinquent taxes and penalty thereon, etc. It further provides, as does §6525, *supra,* that, in case such delinquent taxes and penalty are paid upon demand, such treasurer shall charge and receive from such delinquent, in addition to the taxes and penalty, the sum of fifty cents for such demand, which (*i. e.* demand fee) "*shall belong to the treasurer in addition to his salary provided by law.*" (Our italics.) It will be noted that this section increases the demand fee from twenty-five to fifty cents. By the same act (Acts 1901, p. 309, §2,

§3884b Burns 1901) it is provided that the levy fees, in case of a levy and sale of personal property to pay delinquent taxes, "*shall belong to the treasurer in addition to his salary provided by law.*" (Our italics.)  There can be no doubt, under the provisions of this statute, that the demand and levy fees belong to the treasurer, for the legislature has seen proper expressly to declare they shall belong to him "in addition to his salary."  The act of 1901, *supra,* under the express limitation therein provided, was intended to apply only to the treasurer of Marion county, as the latter county was the only one at that time that contained the required population.  In 1903, by an act amending section 153 of the general tax law (Acts 1903, p. 49, §8571 Burns 1905), the demand and levy fees were increased, and it was provided, as in the act of 1901, that the treasurer "shall charge and receive,  *  *  *  such fees," but the provision "in addition to his salary," as the same appears in the act of 1901, *supra,* was entirely omitted. This certainly is significant in respect to the intent of the legislature.  Counsel for appellee, however, claim that in amending section 153 of the tax law the legislature regarded as superfluous the clause "in addition to his salary" as inserted in the act of 1901, *supra,* and therefore it was omitted.  It is further argued that, inasmuch as it appears to have been the intention of the legislature, by the act of 1901, *supra,* to give the fees in controversy to the treasurers of the more populous counties of the State, it must follow that the act of 1903, *supra,* was intended to make uniform throughout the State the law awarding the fees in question to the county treasurer.  We are not impressed with this view of the case.

Counsel argue that by the act of 1907 (Acts 1907, p. 502, §7319 *et seq.* Burns 1908), whereby the salaries of county treasurers throughout the State were increased, there is a clear legislative construction of the law, to the effect that county treasurers were to receive as their own

the demand and levy fees as a compensation in addition to their salaries. It is a well-known fact that the legislature was induced to pass the salary act of 1907, *supra,* increasing the salaries of county treasurers, because of the enactment at the same session of the public depositary law. Section four of the act of 1907, *supra,* reads as follows: ''All laws in conflict herewith are hereby repealed: Provided, however, that nothing in this act shall repeal or affect any provision of any law existing at the time of the passage of this act providing compensation to county treasurers for services to be performed by them as treasurers for cities of this State, or treasurers for city school boards or boards of school commissioners, nor shall this act affect any provision of any existing law authorizing the payment to county treasurers of fees for demanding or collecting delinquent taxes.'' It is argued that by the saving provisions of this section the legislature recognized that the demand and levy fees authorized to be paid to a county treasurer, under the then existing laws, in the collection of delinquent taxes, belonged to such treasurer and not to the county. This argument is wholly untenable. The purpose of these provisions is manifest. The legislature appears to have inserted them in the repealing section out of ''an abundance of caution,'' in order fully to show that by the legislation increasing the salaries of county treasurers it did not intend to repeal or affect the provisions of any law existing at that time which might provide compensation for county treasurers in addition to the salaries therein provided; or, in other words, fully to disclose by the provisions in question that as to such laws the legislature intended to leave them unaffected and unchanged. It did not thereby intend to give an interpretation in respect to existing laws as to whether any fees thereunder, authorized to be charged and received by the county treasurer for the performance of official services, should belong to that officer instead of the county. It is evident that the legislature intended that all such laws

were to remain unrepealed and unaffected, subject to judicial interpretation or construction. In fact, the only law existing at the time of the passage of the salary act of 1907, awarding to a county treasurer, as his own, the demand and levy fees, was the act of 1901, *supra.* This latter act the legislature intended should not be affected by the repeal declared in Acts 1907, p. 502, §4.

Did we consider it necessary to search for legislative interpretation, subsequent to the session of 1895, in respect to the ownership of the demand and levy fees herein involved, we might resort, for that purpose, to the act of 1901, *supra.* This act, as previously stated, is applicable alone to the treasurer of Marion county. It cannot in reason be contended that prior to its passage that official was not governed by the provisions of the fee and salary act of 1895 (Acts 1895, p. 319), in respect to turning these fees into the county treasury in like manner as were other county treasurers throughout the State. Certainly the legislature which passed that statute must have recognized the fact that under the provisions of the fee and salary act of 1895 the treasurer of Marion county was denied the right to receive and retain for his own use the demand and levy fees arising out of the collection of delinquent taxes. Otherwise it would not have provided therein that such fees should belong to him in addition to his salary, thereby bringing such provision clearly within the exception of section 136 of the fee and salary act of 1895 (Acts 1895, p. 319, §6540 Burns 1901). Had the legislature, at the session of 1901, recognized that the treasurer of Marion county was, at that time, under existing laws, entitled to receive these fees as his own, certainly it would not have considered it essential or necessary to declare that they should be received by him as an additional compensation for his official services in collecting the delinquent taxes of his county.

We have again given the questions presented by appellee's

counsel a careful consideration, but remain fully confirmed in the views expressed in our former opinion. Petition overruled.