### H. T. BAILEY v. ARANSAS COUNTY AND W. H. BALDWIN.

Decided May 27, 1907.

**1.—Mandamus—Contract—Pleading.**

In a mandamus suit to compel a tax collector to comply with an order of the Commissioners' Court to pay over money to a third party due on a contract for the collection of delinquent taxes, it was not necessary to set out the contract in detail; it was sufficient to state enough to show the interest of the plaintiffs in the contract and the order of the court.

**2.—Same—Enforcement of Contract—Remedy.**

A party with whom a Commissioners' Court had made a contract for the collection of delinquent taxes was entitled to mandamus to compel the tax collector to pay over to him the commissions to which he was entitled on the taxes collected, in obedience to an order of said court to that effect, and this although such party had an adequate remedy at law.

**3.—County Funds—Authority of Commissioner's Court.**

Under the general powers vested in the Commissioners' Court to direct how county funds shall be paid out said court has authority to order the tax collector to pay to a third party ten percent of the delinquent taxes collected by said third party under contract with the court.  Rev. Stats., 828.

**4.—Delinquent Taxes.**

The Commissioner's Court has authority to make a contract for the collection of delinquent taxes.

Appeal from the District Court of Aransas County.  Tried below before Hon. E. A. Stevens.

*Morris & Haskell,* for appellant.—Before a writ of mandamus will lie, it must appear that the party applying therefor has a clear right to the writ, and that there is no other adequate remedy at law to secure the performance of the duty that is sought to be coerced. Cullem v. Latimer, 4 Texas, 332; Commissioner of the General Land Office v. Smith, 5 Texas, 477; Board of Land Commissioners v. Bell, Dallam, 366; State ex rel Elmendorf v. San Antonio S. T. Ry. Co., 30 S. W. Rep., 267.

The judgment of the court against the defendant is contrary to the law and the evidence in this, the defendant being required by law to pay all monies collected by him, as tax collector, after deducting his commission, to the treasurer of the county, no judgment could be legally entered against him commanding him in the future to pay money to the plaintiff, Baldwin.  Second, because the order of the Commissioner's Court directing the defendant to pay money when collected as taxes to the plaintiff, Baldwin, is absolutely void.  Third, because the defendant can not be compelled by mandamus to perform an act not clearly defined by law or one of which

in the exercise of his discretion, he has his doubts. Fourth, because the contingencies upon which the commission of plaintiff, Baldwin, depends may never occur. Rev. Stats. 926, 5211, 5229; Bastrop County v. Hearn, 70 Texas, 563; Wall v. McConnell, 65 Texas, 397; Trinity County v. Vickers, 65 Texas, 554; Carothers v. Presidio County 4 Texas Civ. App., 529; Looscan v. County of Harris, 58 Texas, 511; Walker v. Barnard, 8 Texas Civ. App., 16.

*W. H. Baldwin,* for appellees.—When it is apparent that the refusal of an officer to perform an official act required of him by competent authority is not based upon a dispute as to the facts but is an arbitrary assertion of the right upon his part to set up his judgment and his will against that of such lawful authority, mandamus will lie to force such officer to do his duty. Sansom v. Mercer, 68 Texas, 488; Mey v. Finley, 91 Texas, 354; Singleton v. Austin, 27 Texas Civ. App., 88.

It is not made the duty of the county tax collector to pay all moneys received by him from taxes into the county treasury. But, upon the contrary, he is authorized first, to retain his own commission. Second, to retain the assessor's commission. To retain such moneys "as he is now or may hereafter be required to pay out of any money on hand." For the balance he is required to procure the receipt of the county treasurer. Sayles Civil Stat., arts. 828, 5230, 5231, 5211, 5232, 862-6.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for mandamus brought by appellees to compel appellant, who is tax collector of the County of Aransas to pay appellee Baldwin ten per cent. or all monies collected by him upon the delinquent tax rolls for the year 1905, and all the years prior thereto.

The appellant answered by general and special exceptions and general denial and by special pleas in which it is averred, in substance, that the treasurer of Aransas County had refused to accept the receipt of said Baldwin for said ten per cent. of the delinquent taxes, and that he, appellant, had consulted attorneys and had been advised that the order of the Commissioner's Court directing him to turn over ten per cent. of said taxes to the said W. H. Baldwin was unauthorized and void, and in obedience to such advice he had declined to comply with said order.

The trial in the court below was without a jury and resulted in a judgment in favor of appellees granting the relief prayed for. The trial judge at the request of appellant filed conclusions of fact and law which we here copy and adopt as the conclusions of this court.

"1. That the plaintiff, W. H. Baldwin and the plaintiff Aransas County entered into a contract by the terms of which said county placed in the hands of said Baldwin the delinquent tax rolls of said county for collection, agreeing thereby to pay him 'ten per cent. in money of all collections made on said delinquent tax rolls.'

"2. That said contract was authorized by an order of the Com-

missioner's Court of said county, duly entered upon the minutes of said court.

"3. That plaintiff Baldwin has exercised reasonable diligence in the performance of his obligations under said contract, and has filed a large number of suits against delinquent tax payers, and has collected money at various times from such tax payers, all of which he turned over to the tax collector.

"4. That the general fund of said county is in debt, and warrants issued on that fund are worth about seventy-five per cent. of their face value.

"5. That the Commissioner's Court of said county passed an order, which was duly entered upon the minutes of said court, directing the tax collector of said county to retain ten per cent. of all delinquent taxes collected and pay the same over to the plaintiff Baldwin, that being the commission to which he was entitled, according to the terms of said contract.

"6. That the defendant Bailey, tax collector of said county, refused and still refuses to obey said order of the Commissioner's Court.

"7. That said Commissioner's Court passed an order, which was duly entered upon the minutes of said court, authorizing W. H. Baldwin, Esq., to institute this suit in its behalf.

"As conclusions of law I find that the contract entered into by the plaintiff Baldwin and the plaintiff Aransas County was authorized by an act of the 29th Legislature, Chapter 130, Section 6, on page 319; that the commission allowed by the terms of said contract is a part of the expenses of collecting said delinquent taxes and may be retained out of said taxes when collected; that the Commissioner's Court did not exceed its powers when it ordered the tax collector to retain for the plaintiff Baldwin his commissions; that it was the plain duty of the tax collector to obey said order, and therefore, that the plaintiffs are entitled to the relief prayed for."

The first assignment of error assails the ruling of the trial court in not sustaining defendant's exception to the petition on the ground that said petition failed to set out in detail the contract between Aransas County and plaintiff Baldwin, and because defendant was a stranger to said contract and in no way bound thereby. There is no merit in the assignment. The suit was not brought to enforce the performance of the contract between appellee Baldwin and Aransas County, and it was only necessary for the petition to state the substance of said contract in order to show the interest of appellees in the order of the Commissioner's Court to compel compliance with which this suit was brought. The fact that appellant was not a party to the contract in no way affected his duty to obey the order of the court made in pursuance thereof.

The second assignment can not be sustained. The exception to the petition on the ground that appellees had an adequate remedy at law was properly overruled. It is true that appellee Baldwin would not lose his right to compensation for services rendered under his contract by the refusal of the appellant to obey the order of the Com-

missioners' Court, but he was entitled under said contract to have the commissions allowed him paid out of the collections as the same were made, and the only way in which this right could be enforced was by suit to compel appellant to obey said order.

The third assignment of error attacks the order of the Commissioners' Court directing appellant to pay to appellee Baldwin ten per cent. of the monies collected under the contract on the ground that said order was not authorized by law and is therefore void. No question is raised by appellant as to the authority of the Commissioners' Court to make the contract with appellee Baldwin allowing him ten per cent. of all monies collected from delinquent tax payers for the years named in said contract. Under this contract the ten per cent. commissions due Baldwin were costs of collection, which appellant was not required to pay to the treasurer. Under article 828 of the Revised Statutes collectors of taxes are authorized to retain the commissions due themselves and the assessors, and to make such payments as they "may be required to pay out of the money on hand." We think the Commissioners' Court, under the general powers conferred upon it by law to manage the county finances and to direct how the county funds should be paid out, was authorized to make the order directing appellant to pay to appellee Baldwin the ten per cent. commissions on the delinquent taxes collected under his contract, and it was the duty of appellant to obey this order.

The question of whether the treasurer would be entitled to a commission on the amount paid Baldwin by the appellant is not material to the determination of the issue of whether the order was authorized and we are not called upon to decide that point.

We think it sufficiently appears from the petition that appellee Baldwin has, acting under his contract, collected monies for Aransas County which have been received by appellant as tax collector of said county and that appellant has refused to pay to said Baldwin his ten per cent. commissions on said collections as required by said order, and appellant's exceptions to the petition on the ground that it fails to show that he has failed to pay over any money received by him which is due appellee Baldwin under his contract, was properly overruled. This disposes of the question raised by the fourth assignment of error.

The fifth assignment of error can not be sustained. The fact that Baldwin may be authorized under his contract to retain ten per cent. of the monies collected by him would not justify apellant in refusing to obey the order requiring him to pay Baldwin ten per cent. of the monies which appellant had received as tax collector, the collection of which was procured by said Baldwin in the performance of his contract with Aransas County.

What has been said in reference to the assignments before mentioned disposes of the questions presented by the sixth assignment and said assignment is overruled.

There was no error in overruling the plea in abatement on the ground of misjoinder of parties plaintiff. The interest of appellees

in the subject matter of the suit, as shown by the petition, was such as to authorize them to sue jointly.

We are of opinion that the judgment of the trial court should be affirmed, and it has been so ordered.

*Affirmed.*