## KERR v. REGESTER.

[No. 6,519. Filed October 14, 1908.]

1. FEES AND SALARIES.—*County Auditors.*—*Entering City Taxes.*— County auditors are not entitled to any compensation from cities for entering city taxes on the county tax duplicates. p. 378.

2. OFFICERS.—*Compensation.*—*Imposed Duties.*—*Public Policy.*—A public officer must perform the service required at the time of installation, as well as any subsequently imposed; and public policy forbids his receipt of compensation otherwise than as stipulated by law. p. 379.

3. FEES AND SALARIES.—*Voluntary Payment.*—*Mistake of Law.*— *Cities.*—*County Auditors.*—Payment by a city to a county auditor for entering city taxes upon the county tax duplicates is not voluntary under a mistake of law. p. 379.

4. MUNICIPAL CORPORATIONS.—*Taxation.*—*Contracts with County Auditor to Enter Levy upon County Duplicates.*—Contracts made by cities with county auditors to enter city taxes upon the county tax duplicates are void. p. 380.

5. OFFICERS. — *County Auditors.* — *Illegal Fees.* — *Collection.*—*Demand.*—Money paid to a county auditor by a city to enter the city taxes upon the county tax duplicates may be collected, by suit and without demand, by any taxpayer of such city. p. 380.

From Monroe Circuit Court; *James B. Wilson*, Judge.

Suit by John F. Regester against Samuel M. Kerr and others. From a judgment for plaintiff, defendant Kerr appeals. *Affirmed.*

*Ira C. Batman*, for appellant.

*R. H. East* and *Walter E. Hottell*, for appellee.

COMSTOCK, J.—Appellee, as a taxpayer of the city of Bloomington, Indiana, brought this suit against the appellant, the auditor of Monroe county, to recover $460 which had been paid him as such auditor by said city, for entering

and extending upon the tax duplicates of said county the taxes levied by said city for certain years.

The complaint is in one paragraph. Issues were joined by general denial. The court made a special finding of facts, stated conclusions thereon, and entered a decree for $460 in favor of appellee.

Overruling the demurrer for want of facts to the complaint, sustaining the separate demurrer to the second, third and fourth paragraphs of appellant's answer, and the conclusions of law stated on the special findings, are assigned as errors.

The same questions arise upon the various specifications of error, and it will be necessary to consider only the alleged error on the conclusions of law.

The court finds specially as follows, to wit: The appellee is, and has been continuously for the ten years last past, a resident taxpayer of the city of Bloomington, Monroe county, Indiana. Certain defendants (naming them) were the duly elected, qualified and acting mayor and members of the common council of said city April 18, 1905, and at the time of filing this suit. The appellant is now and has been continuously since November 19, 1900, the auditor of Monroe county, Indiana. The city of Bloomington during all of said time was the county seat of Monroe county, Indiana, and during the years 1900 to 1904 inclusive said city provided in its ordinance levying its taxes for said years that the tax so levied should be entered by said auditor upon his tax duplicates and collected by the treasurer of said county as other taxes for state and county purposes were collected. In each of said years the clerk of said city certified a copy of said ordinance to the auditor of said county, and the same was filed with said auditor and entered by him upon his duplicates as city taxes against all the property and polls within the corporate limits of said city. On October 16, 1901, the appellant filed in the office of the clerk of said city

his verified claim against said city for $100 for services in entering said city taxes from August, 1900, to August, 1901, and said claim was duly presented to the common council of said city, allowed and paid to the appellant out of the city treasury. On August 11, 1902, the appellant filed in the office of the clerk of said city his verified claim against said city for $120 for entering said city taxes, and said claim was duly presented to the common council of said city, allowed and paid to the appellant out of the city treasury. In November, 1903, the appellant filed in the office of the clerk of said city his verified claim against said city for $120 for entering city taxes, and said claim was duly presented to the common council, allowed and paid to the appellant out of the city treasury. On December 6, 1904, the appellant filed in the office of the clerk of said city his verified claim against the city for $120 for entering city taxes from August, 1903, to August, 1904, and said claim was duly presented to the common council of said city, allowed and paid to the appellant out of the city treasury. During all of the years from November, 1900, to the year 1905 the appellant received the full amount of the salary and fees allowed him by law as county auditor out of the treasury of said county, in addition to and outside of said allowances heretofore found by said common council. On January 16, 1906, the appellee, on behalf of the taxpayers in said city, made a demand in writing of said common council, and to each of the defendants named as mayor and members of said common council, stating that the payment of each and all of said claims were illegal and unauthorized by law, and that they proceed to take proper action to recover said sums of money from the appellant, and that an action be brought therefor if necessary. Said demand was read in open meeting of the common council on January 16, 1906, and was thereupon referred to the finance committee of said council. No action has ever been taken thereon by said com-

mittee or said common council. Said demand has not been complied with, and said common council has taken no action and has instituted no action of any kind with reference to the same. Appellant has retained and kept and now holds said money for his own use, and at no time has the same been paid or returned to the city treasury. The court further finds ·that Samuel M. Kerr has never returned said sum of $460, or any part thereof, to the city of Bloomington; that the services of said Kerr so rendered were reasonably worth the amounts charged therefor, to wit, the total sum of $460.

The court stated the following conclusions of law on the foregoing·facts: There is due the city of Bloomington from the defendant, Samuel M. Kerr, the sum of $460, and the plaintiff should recover said sum from said Kerr, for the use and benefit of said city and all of its taxpayers. The defendant, Kerr, should be ordered to pay said sum of money to the clerk of the Monroe Circuit Court for the use and benefit of said city and its taxpayers. Exception was duly reserved by the appellant to said conclusions of law.

Section 7226 Burns 1908, Acts 1895, p. 319, §21, provides: "The county officers named herein ·shall be entitled to receive for their services, the compensation specified in this act, which compensation is graded in proportion to the population and the necessary services required in each of said several counties, subject to the conditions herein prescribed, and they shall receive no other compensation whatever."

Section 4249 Burns 1901, Acts 1885, p. 199, provides that the board of trustees of any incorporated town, and the common council of any city, may, by a provision contained in the ordinance or resolution fixing the tax levy for any year, provide that the taxes so levied shall be entered by the auditor of the proper county upon his duplicates, and collected by the treasurer of such county as other taxes for state and

county purposes are collected, instead of being collected by the officers of the town or city.

Section 7226, *supra*, reads: "The county officers named herein, shall be entitled to receive for their services the compensation specified in this act, * * * and they shall receive no other compensation whatever."

Section 7279 Burns 1908, Acts 1895, p. 319, §74, fixes the compensation of the auditor of Monroe county at $2,300. That the auditor was not entitled to the allowance made to him is clearly settled by the sections of the statute cited in *Town of Paoli* v. *Charles* (1905), 164 Ind. 690.

"The officer accepts the office not only subject to all the positive duties affixed to it, but subject also to all duties that may be subsequently imposed directly by the General Assembly or by others upon authority granted by the legislative body." *Town of Paoli* v. *Charles*, *supra*. Public policy forbids that a public officer should receive for services performed by him in the discharge of official duty any other remuneration than that prescribed by law. *Somerset Bank* v. *Edmund* (1907), 76 Ohio St. 396, 81 N. E. 641, 11 L. R. A. (N. S.) 1170.

It is further claimed that, apart from the question whether a county auditor can legally charge for entering city taxes on his duplicates, when properly requested to do so, the money for which this suit is brought was voluntarily paid in good faith, with full knowledge of all the facts, under a mistake of law, and herein cannot be recovered. In some of the states, and in earlier decisions of this State, it has been so held; but the question has been decided adversely to appellant's claim by this Court and the Supreme Court in later cases. *Eder* v. *Kreiter* (1907), 40 Ind. App. 542, citing §6548 Burns 1901, Acts 1883, p. 48, §7; *Board, etc.*, v. *Heaston* (1896), 144 Ind. 583, 55 Am. St. 192; *Board, etc.*, v. *Buchanan* (1898), 21 Ind. App. 178. See, also, *Zuelly* v. *Casper* (1903), 160 Ind. 455, 63 L. R. A.

133; *Kimble* v. *Board, etc.* (1904), 32 Ind. App. 377; *Ada County* v. *Gess* (1895), 4 Idaho 611, 43 Pac. 71; *Culbreath* v. *Culbreath* (1849), 7 Ga. 64, 50 Am. Dec. 375; *Russell* v. *Tate* (1889), 52 Ark. 541, 13 S. W. 130, 7 L. R. A. 180, 20 Am. St. 193.

The further point made is that the office of auditor is a constitutional office (Const., Art. 6, §2); that the legislature cannot impose duties upon a person holding a constitutional office which do not pertain to such office; that the duties of a county auditor appertain to county affairs only, and that the auditor cannot be compelled to perform without compensation duties with reference to city affairs.

It is not necessary to decide the constitutionality of the statute in question. In the absence of this statute the duty of collecting city taxes devolves upon the city officers alone, and the city has no power to employ any one else for the purpose. *City of Ft. Wayne* v. *Lehr* (1882), 88 Ind. 62. There could have been no contract entered into with the auditor and none could be implied. Under such circumstances, the services performed by the county auditor were voluntary, and the auditor could not claim the money therefor as legally his.

It is finally argued in behalf of appellant that a demand was necessary upon bringing suit to put him in default, and, as the special findings are silent on the question of any such demand, the court erred in its conclusions of law. Appellant received the money in question in violation of law. §2105 Burns 1901, §2018 R. S. 1881; §6548, *supra*; *Eder* v. *Kreiter, supra*; *Board, etc.*, v. *Heaston, supra*; *Board, etc.*, v. *Buchanan, supra*; *Town of Paoli* v. *Charles, supra*.

The claim being illegal, its payment was unlawful and void, and, on the theory that it was not a payment, the receiving of money voluntarily paid does not apply. Its allowance and its acceptance being unlawful, no demand for its repayment was necessary. *Ahlendorf* v. *Barkous* (1898), 20 Ind. App. 657.

Besides, the court finds that appellant has retained and now holds for his own use the money paid him during the years 1901 to 1904 inclusive. This is a finding of conversion, and no demand was necessary.

Judgment affirmed.