## RUSK COUNTY v. MALONEY et al.
### No. 3962.

Court of Civil Appeals of Texas. Texarkana.
May 6, 1931.

Rehearing Denied May 21, 1931.

Chas. L. Brachfield and V. W. McDavid, both of Henderson, for appellant.

Futch & Cooper, John Arnold, Victor A. Smith, and Smith, West & Gladney, all of Henderson, for appellees.

LEVY, J. (after stating the case as above).

We are called upon to chiefly determine the point, broadly stated, of whether or not the county was entitled to have recovery for the amount of excess or delinquent tax fees in suit. Upon the evidence, the trial court made the affirmative finding of fact that the commissioners' court contracted with Mr. L. T. Standard to assist the tax collector in the collection of delinquent taxes. There is necessarily involved in the further findings of the court the facts that Mr. Standard performed the services, not for the tax collector as his deputy- tax collector, but apart therefrom and in the capacity of a private person specially acting for the county government as a contractee of the county, and that he was merely paid the contract price by the tax collector out of the delinquent taxes received into the possession of the tax collector as specially ordered to be done by the commissioners' court. We do not feel authorized from the record to disturb the ·findings of fact. In view of these special facts, the appeal must be determined. Was the power in the county government to enter into the contract involved in the suit, or was it ultra vires? There is no express or implied absolute prohibition of law against the county government's entering into such character of contract. And the power to do so is deducible from the law. The law expressly confers the power upon the county government, to be exercised by the commissioners' court, of general authority over all county business, to hold and dispose of its property, to make such contracts as may be necessary to the exercise of its powers, to levy and collect taxes, to cause the tax collector to make delinquent tax records, and to employ attorneys to bring about the collection of delinquent taxes through judicial proceedings and to pay for such services a percentage of the taxes. The power to levy taxes involves the power to enforce collection. While the statute has designated the tax collector as the person who "shall be the receiver and collector of all taxes assessed upon the tax list in his county" (article 7254, R. S.), yet the authority intended by this article to be exclusively conferred upon the tax collector was to demand and enforce in the ordinary way the payment of all the taxes of the original assessment roll or amended or supplemental list committed to him. Article 7255, R. S. But that authority does not also confer exclusive authority upon the tax collector to collect delinquent taxes. By further statutory requirement, the tax collector shall return a list of delinquent taxpayers, both for the purpose of claiming exoneration or credit for taxes on the rolls originally committed to him which he has not been able to collect, and as a basis for further compulsory proceedings against the persons or property. Articles 7263, 7271. And it is in this particular regard of collecting the delinquent taxes that a positive and official duty or authority may not be regarded as exclusively confided or cast upon the tax collector. For the accomplishment of this end and of doing this work for the benefit of the public in its organized capacity, there arises, as to delinquent taxes, general authority in the commissioners' court to employ other agencies at public expense to enforce, or assist in enforcing the collection of delinquent taxes. Bailey v. Aransas County, 46 Tex. Civ. App. 547, 102 S. W. 1159. The case of Von Rosenberg v. Lovett (Tex. Civ. App.) 173 S. W. 508, considers quite exhaustively the decisions upon the subject. The case of Stringer v. Franklin County, 58 Tex. Civ. App. 343, 123 S. W. 1168, may not be regarded as contrary authority bearing upon the precise point here now being considered. In that case the contract passed "all of the taxes shown on the delinquent lists," and the real and intended ruling was that the effect of such contract was "to barter to private individuals all the County's sources of revenue," and this the commissioners' court had no authority to do.

The appellant, though, further points out that the commissioners' court is authorized to contract only with an "attorney" to enforce or assist in enforcing the collection of the delinquent taxes, and that Mr. Standard was not an attorney. Article 7335. That is only one added method to the line of general authority of providing assistance in collection of delinquent taxes, and is not in-

tended to be the only and exclusive authority such court may exercise in respect to enforcing the collection of delinquent taxes. That article of statute contains no words of exclusion of any other method or means of collection. The article provides no further than that, should the commissioners' court "deem it necessary or expedient," they "may contract with any competent attorney" to enforce collection through "suits" or judicial proceedings. Summary proceedings nor personal solicitation as means for collection were not therein dealt with at all. Therefore· the exercise of discretion in the selection and appointment of a person who is not an attorney to enforce or bring about collection otherwise than through judicial proceedings would, as properly held by the trial court, at most be merely an "irregular" exercise of authority of selection and appointment in furtherance of the authorized purpose.

■■■ Therefore, concluding that there is no express or implied prohibition of law against the county government's entering into the contract in evidence, can estoppel, in view of the contract and the facts, be invoked against the county government? It is believed that in so holding the trial court has correctly ruled. In the facts the county is in the attitude of suing to recover back from the tax collector the contract price which by order of the commissioners' court has been once actually paid over to Mr. Standard under his contract and in complete performance thereof. The tax collector manifestly would suffer injury by the denial of such pleaded rule of law. It is the settled rule in this state that estoppel may be invoked against a county where the power to contract exists and is irregularly exercised. Grimes County v. Slayton & Co. (Tex. Civ. App.) 262 S. W. 209. The case of Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 137 Am. St. Rep. 347, deals with thoroughness with the aspect of estoppel of a county where there is an illegal expenditure for a legal purpose. A very similar case is Clark v. Logan County, 138 Ky. 676, 128 S. W. 1079.

■■■ It is pointed out by appellant that there was error in refusing judgment to the county for the school taxes in suit. It is thought the point must be overruled, in view of the finding of the court "that R. H. Maloney accounted for all monies due by him to the common and independent school districts."

Since there was evidence before the court going to support that finding, this court would not be warranted in disturbing such finding of fact.

■■■ The appellant objected to oral proof of the contract in evidence. The commissioners' court actually passed the order contracting with L. T. Standard, and the contract was acted upon and performed, but the order was never spread at large upon the minutes of the court. The contract was not ineffective because the order was not spread at large on the minutes and can be shown by parol. Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000. Such proof would not operate to legally set at variance or vacate the separate order as recorded in the minutes directing the tax collector to also collect delinquent taxes. The contract with Mr. Standard was apart from and distinct from the order as to the tax collector and in aid or assistance to the tax collector. There is a difference in the present points made from the points made in the cases cited of King v. Marion County (Tex. Civ. App.) 202 S. W. 1052; Gano v. Palo Pinto County, 71 Tex. 99, 8 S. W. 634; Mosler Safe Co. v. Atascosa County (Tex. Civ. App.) 184 S.W. 324.

We have considered all of the assignments of error, and conclude that they should be overruled.

The judgment is affirmed.

### WILLSON, C. J.

I think it appears from the language used in article 7335, R. S. 1925, that the power the Legislature intended to confer upon the commissioners' court was to contract with an attorney at law (and with no other person) "to enforce or assist in the enforcement of the collection" of delinquent taxes. The forced collection contemplated could have been accomplished in no other way than by suits in the courts, and only such attorneys could prosecute such suits. Baxter v. City of Venice, 271 Ill. 233, 111 N. E. 111; Kerr v. Regester, 42 Ind. App. 375, 85 N. E. 790. It follows, I think, the commissioners' court was without power to contract with Standard to enforce, or assist in enforcing, the collection of the delinquent taxes. If it was, appellee Maloney was chargeable with knowledge of the fact, and estoppel as against the county was not available as a defense against the recovery sought by the county. In that view, the judgment should not be affirmed.