CHEROKEE COUNTY ET AL. v. A. R. ODOM, TAX COLLECTOR.

No. 4990.   Decided March 20, 1929.
(15 S. W., 2d Series, 538.)

*W. M. Harris, A. B. Chandler,* and *Lightfoot, Robertson & Scurlock,* for plaintiffs in error.

Cherokee County, acting through its Commissioners' Court, was fully authorized and empowered under Revised Statutes, Article 7335, to employ and contract with plaintiff in error, Standard Engineering & Plat Book Company, for the making of an abstract of property assessed or unknown and unrendered for taxes and to pay them, as compensation for that service, a per cent of the delinquent state and county taxes when and only when said taxes are collected.

The contract of employment by Cherokee County, acting by its Commissioners' Court, with the plaintiff in error, Standard Engineering & Plat Book Company, to make an abstract of property assessed or unknown and unrendered for taxes for a per cent of the delinquent State and County taxes contingent upon the collection of such delinquent taxes, was not the creation of a debt within the meaning of Article XI, Section 7, of the Constitution, requiring the levy of a new tax to pay interest and create a sinking fund. McNeal v. City of Waco, 89 Texas, 83.

Cherokee County and its Commissioners' Court had the lawful power and authority to pay for making an abstract of property assessed or unknown and unrendered for taxes out of the delinquent State and County taxes when and only when and as collected, and was not confined to its General Fund nor required to levy a new special tax therefor.

The contract between Cherokee County and its Commissioners' Court and the Standard Engineering & Plat Book Company involved in this case, does not provide or contemplate the release or extinguishment of any delinquent taxes or indebtedness, liability, or obligation of any corporation or individual to the State or any county or municipal corporation.

*Claude Pollard,* Attorney-General, and *H. Grady Chandler* and *Galloway Calhoun,* Assistants, for defendant in error.

The Commissioners' Court of Cherokee County was prohibited by the Constitution of the State from entering into a contract with the Standard Engineering & Plat Book Company whereby it was agreed to pay the latter a portion of the delinquent taxes due the State of Texas for the reason that same is in violation of Section 18, Article 5, of the Constitution which prescribed the powers of the Commissioners' Courts and limits the same to county affairs; Section 18, Article 5, Constitution of Texas; Article 7335, R. C. S., 1925; Bailey v. Aransas County, 102 S. W., 1159; City of Denison v. Gas Co., 257 S. W., 616; Lane v. Mayfield, 158 S. W., 223; Holt v. State, 176 S. W., 745; Section 51, Article 3, Constitution of Texas; Cooley: *Taxation,* Third Edition, 829, 831.

The supplemental contract based upon the original contract between the Standard Engineering & Plat Book Company and the Commissioners' Court of Cherokee County was invalid as violative of the provisions of Section 53, Article 3, of the State Constitution which prohibits extra compensation for a contract performed

in part; Section 53, Article 3, Constitution of Texas; Article 7344, R. C. S., 1925; Article 7335, R. C. S., 1925; Wallace v. Commissioners' Court, 281 S. W., 593.

The alleged contract between the Commissioners' Court of Cherokee County and the Standard Engineering & Plat Book Company to pay said Company 33⅓ per cent of *State Taxes* collected, for the preparation of an abstract of property and Plat Map Book, is invalid because the statute seeking to authorize same violates Art. 3, Sec. 55 of the State Constitution by attempting to authorize the release of indebtedness due the State.

The Commissioners' Court has no power to divert any part of the constitutional funds and place same in a fund denominated Abstract, Map and Plat System Fund, Class "A," as attempted by this contract. Art. 7, Sec. 5, State Constitution (in connection with Art. 7, Sec. 3; Art. 8, Sec. 7); Art. 7, Sec. 7, State Constitution; Wallace v. Commissioners' Court of Madison County, 281 S. W., 593; Commissioners' Court of Henderson County v. Burke, 262 S. W., 94; Sanders v. Looney, 225 S. W., 280; Carroll v. Williams, 202 S. W., 504.

We earnestly insist that this contract, in effect, would divert one-third of the available school taxes collected in Cherokee County by virtue of same from the purpose for which said funds are dedicated and made sacred by the Constitution; and the statute attempting to authorize same is an attempt to divert from its purpose a special fund that ought to come into the State Treasury to be used for its intended purposes, and while we have discussed the matter of diversion, especially with reference to school funds, we feel that the same argument applies with reference to other State Taxes which are levied for particular purposes as directed by the Constitution.

MR. JUSTICE PIERSON delivered the opinion of the court.

On the 15th day of December, 1925, Cherokee County, acting by and through its Commissioners' Court, entered into a contract with the Standard Engineering & Plat Book Company a co-partnership, for the preparation by it for the County of an abstract of property and map and plat system of the different surveys and blocks of land in said county. On the 9th day of August, 1926, the parties entered into a supplemental agreement or contract, to make more specific and clear the understanding and agreements between the parties as based upon the original contract. The Honorable Court

of Civil Appeals for the Sixth District in part states the case as follows:

"The contracts referred to were attached as exhibits to the original petition. The first provided, in substance: (1) The Standard Engineering & Plat Book Company agreed to make a complete abstract of property assessed, or unknown and unrendered, for the purposes of taxation, upon which taxes were delinquent. The abstract was to cover all delinquent taxes of every character from 1908 to and including February 1st next preceding the completion of the abstract. As compensation for these services, and for furnishing to the officers of Cherokee County all necessary information to assist and aid them in the collection of delinquent taxes in the manner described, the county agreed to pay $33\frac{1}{3}$ per cent of the delinquent taxes, penalties and interest collected from and after the date of the contract. (2) The Standard Engineering & Plat Book Company agreed to prepare the abstract and make a complete map and plat system for Cherokee County showing each tract, lot or parcel of land in the county. (3) It was further agreed that in order to enable the Standard Engineering & Plat Book Company to finish the work of preparing the abstract and map and plat system there should be issued to them from time to time, on the first day of each regular term of the Commissioners' Court of Cherokee County, such amount of warrants in the denomination of $500.00 each equal to 10 per cent. of the one-third payable out of the delinquent taxes that might be collected, not to exceed 20 per cent. of the total amount of taxes certified to be delinquent.

"The material portions of the supplemental contract referred to are as follows:

" 'It is agreed by and between the said parties to said contract that the compensation to be paid said Standard Engineering & Plat Book Company for said services and work shall be as follows:

" 'For making and furnishing the Plat Book called for in said contract a sum equal to thirty-three and one-third per cent. of the County General Fund Delinquent Taxes, penalties and interest for the years 1908 to and including 1926, collected, and contingent upon the collection of the same; and, For the services and work of making and furnishing the said abstract of property assessed, or unknown and unrendered, called for in said contract a sum equal to thirty-three and one-third per cent. of all other delinquent state and county taxes, penalties and interest collected for the years 1908 to 1926 inclusive, and contingent upon the collection of the same;

said compensation in both cases to be paid out of the delinquent taxes, penalties and interest collected, so that the said contract as heretofore executed be and the same is hereby ratified and altered accordingly, but is not in any way changed or executed except in the particulars stated.'

"For the purposes of this appeal it is admitted that the contract alleged was properly executed, and that the services contracted for had been performed. It is also admitted that delinquent taxes covered by the terms of the contract had been collected, and that the defendant in error, as tax collector, had declared his intention to pay over to the state treasurer the state's portion of those taxes.

"The sole question in this appeal is, did the commissioners' court have the power to contract for the payment of the compensation agreed upon, or any part thereof, out of the state's portion of the delinquent taxes thereafter collected? As authorizing the making of contracts of this character the following provisions of law are referred to:

" 'Art. 7335. Whenever the commissioners' court of any county after thirty days written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so, shall deem it necessary or expedient, said court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent. on the taxes, penalty and interest actually collected, and said court is further authorized to pay for an abstract of property assessed or unknown and unrendered from the taxes, interest and penalty to be collected on such lands, but all such payment and expenses shall be contingent upon the collection of such taxes, penalty and interest. It shall be the duty of the county attorney, or of the district attorney, where there is no county attorney, to actively assist any person with whom such contract is made, by filing and pushing to a speedy conclusion all suits for collection of delinquent taxes, under any contract made as hereinabove specified; provided that where any district or county attorney shall fail or refuse to file and prosecute such suits in good faith, he shall not be entitled to any fees therefrom, but such fees shall nevertheless be collected as a part of the costs of suit and applied on the payment of the compensation allowed the attorney prosecuting the suit, and the attorney with whom such contract has been made is hereby fully empowered and authorized to proceed in such suits without the joinder and assistance of said county or district attorneys.

" 'Art. 7344. In counties in which the subdivisions of surveys are not regularly numbered, and in cities or towns in which the blocks or subdivisions are not numbered, or are so irregularly numbered as to make it difficult or impossible for the assessor to list the same, the commissioners' court of such counties may have all the blocks and subdivisions of surveys platted and numbered so as to identify each lot or tract, and furnish the assessor with maps showing such numbering; and an assessment of any property by such numbering on said maps shall be sufficient description thereof for all purposes. Such maps or a certified copy of same or any part thereof, shall be admissible as evidence in all courts. The cost of making said survey and plats shall be defrayed by the county in which said property is situated, and of which said commissioners' court ordered the said surveys and plat made, and the cost of any map of a town or city shall be paid by such city or town when ordered by the town or city.' Revised Civil Statutes 1925.

"Plaintiffs in error concede that compensation for making the maps and plats contemplated by the contract could be paid for only from funds belonging to the county. But they contend that Article 7335 authorized the commissioners' court to contract for the payment of compensation for making the abstracts from that portion of the delinquent taxes collected which belonged to the state. Counsel for defendant in error contend that if Article 7335 be susceptible of that construction it is obnoxious to the following provisions of the constitution: Section 18 of Article 5, which provides:

" 'The county commissioners so chosen, with the county judge as presiding officer, shall compose the county commissioners' court, which shall exercise such powers and jurisdiction over all county business as is conferred by this constitution and the laws of the state, or as may be hereafter prescribed.'

"The argument of the Attorney General is that the manifest purpose of the framers of the constitution was to limit the jurisdiction of commissioners' courts to strictly 'county business,' and that the legislature has no authority to enlarge their powers or jurisdiction."

This contention of the Attorney General was sustained by the Honorable Court of Civil Appeals, and it affirmed the judgment of the District Court, denying relief to plaintiffs in error against defendant in error, the tax collector, in so far as the State delinquent taxes were affected.

The holding of the Court of Civil Appeals is that the making of this contract for the abstract of property, and to pay for same

out of a per cent. of all delinquent taxes collected, was not county business, because it involved a part of the State delinquent taxes. In this we think the Court of Civil Appeals erred. Can it reasonably be said that the matter of securing an abstract of property of a county is not county business? It would appear that the securing of an abstract of a county's property, that is property situated within a county, and from which the county acquires its revenues by the collection of taxes thereon, is county business. The fact that the State receives benefits therefrom, or contributes to the payment therefor, would not change its nature. The Court of Civil Appeals and the parties to this suit seem to accept as correct that the making or securing of plats and maps as authorized by Article 7344 is county business, and yet, even though the State does not contribute to the cost thereof, it profits thereby as much probably as by the securing of abstracts of property. In fact, we think that a complete abstract of property for the purposes contemplated by Article 7335 includes and comprehends plats, maps, etc., as was held in the case of Madison County v. Wallace, opinion this day delivered.

The Court of Civil Appeals further held a contract subjecting a per cent. of the State's part of delinquent taxes to the payment for an *abstract of property* as provided for in Article 7335, R. S. 1925, to be invalid, as being violative of the provisions of the State Constitution, which provide for the election of tax assessors, tax collectors, and county and district attorneys. It says:

"The constitution provides for the election of a tax assessor in each county, to whom is committed all the duties essential to the making of an accurate and complete legal assessment of all the property within his jurisdiction that is subject to taxation. The constitution has also provided for the election of a tax collector in each county, to whom is committed the duty of performing all the duties, other than those involved in judicial proceedings, which are necessary in the collection of taxes. It has likewise provided for the election of county and district attorneys, whose duty it is to represent the state and county in filing and prosecuting suits necessary for the collection of delinquent taxes. It thus appears that the entire field of official service required in the formation of a complete system for assessing and collecting the public revenue derived from ad valorem taxes on property has been provided for by the constitution. There is left no place for any other employee, or agent, whose duties may not fall within the domain of some one or more of the offices which the constitution created. The designation of official duties

assigned by the constitution is exclusive. The legislature has no authority to remove these from where the constitution has placed them, nor to create other agents with authority to perform the same duties independently of the regularly constituted officials."

It further held that said contract violates Sections 44 and 48 of Article 3, and Section 6 of Article 8 of the Constitution, and also Section 50 of Article 3.

Section 44 of Article 3 of the Constitution provides that "the Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this constitution."

Section 48 limits the right of the Legislature to levy taxes, and impose burdens upon the people, to the raising of revenue "sufficient for the economical administration of the government," which may include: "the payment of the cost of assessing and collecting the revenue; and the payment of all officers, agents and employees of the State government, and all incidental expenses connected therewith."

Section 6 of Article 8 provides that "no money shall be drawn from the Treasury but in pursuance of specific appropriations made by law," and that no appropriation of money shall "be made for a longer period than two years."

Section 50 of Article 3 denies to the Legislature the power to give or lend the credit of the State in aid of or to any person, association, or corporation, including municipal corporations, or to pledge the credit of the State for the payment of their liabilities, present or prospective.

We think none of these constitutional provisions are violated The simple question is whether or not the county Commissioners' Court, acting under legislative authority, may employ a person or company to prepare an abstract of property and plats, maps, etc., of the lands of a county, to be used as an aid to the collection of delinquent taxes, both county and State, and pay him or them out of a part or per cent. of such taxes when and as collected. See Bexar County v. Linden, 110 Texas, 339, 220 S. W., 761; Terrell v. Greene, 88 Texas, 539, 31 S. W., 631; Maud v. Terrell, Comptroller, 109 Texas, 97, 200 S. W., 375.

Nowhere is the duty of performing these arduous, laborious, and technical services for a county or the State placed by the Constitution or the Statutes upon the county tax assessor, the county tax

collector, the county or district attorney, or upon any other officer of the government.

Authority is given to the Commissioners' Court of a county to secure abstracts of property, and plats and maps, under the provisions of these statutes.

It does not appear in this contract that the State is in any way discriminated against, or that the contract is subject to attack for fraud or unfairness. However, the provision for interest on the warrants issued is void, as being in violation of the express provisions of the statute. Commissioners' Court of Madison County et al. v. Wallace et al., opinion of this Court delivered today.

The judgments of the District Court and of the Court of Civil Appeals are reversed, and judgment is here rendered granting to plaintiffs in error the relief prayed for in their petition for writ of error herein.

*Reversed and rendered.*