## HENDERSON COUNTY et al. v. HOLLAND.
### (No. 404.)

Court of Civil Appeals of Texas. Waco. Sept. 26, 1929.

Justice & Justice and E. A. Landman, all of Athens, for appellants.

W. M. Harris and A. J. Harper, both of Dallas, and Clay Cotten, of Houston, for appellee.

STANFORD, J. This suit was filed by appellee, Sam Holland, resident taxpayer and citizen of Henderson county, Tex., against Henderson county, represented by its proper officers, to enjoin said county from the execution of a contract regularly entered into by said county with A. O. Harper and M. W. Harper, composing the firm of Harper & Harper, by the terms of which, in consideration of certain compensation to be paid out of delinquent taxes to be collected, the said Harper & Harper obligated themselves to prepare and install a plat book or block map of all surveys, tracts, parcels, and lots of land, and abstracts of same, in said county, upon the grounds that said contract was of no effect, in that said contract involved the expenditure of more than $2,000 and was not let upon competitive bids, and also that the manner or means of compensation provided for in the contract was illegal and in violation of the Constitution and laws of the state wherein it pledged or appropriated a percentage of constitutional funds to be derived from the collection of delinquent taxes. Upon the presentation of appellees' petition therefor, the trial court issued a temporary injunction, as prayed for, which temporary injunction on the trial of said cause on October 6, 1925, was made permanent, perpetually enjoining the execution of said contract; from which judgment appellants have duly appealed and present the record here for review.

Under appellants' first proposition they contend: The court erred in holding that the contract was of no effect because the same had not been let upon competitive bidding, as required by statute, article 2368, Rev. St. 1925, because the evidence showed beyond dispute that the services to be performed by Harper & Harper, under the contract, were of a personal character, requiring particular skill, ability, and expert knowledge, for which reason the same constitutes an exception to the statutory provision. The trial court found, and we think such finding is amply sustained by the evidence, that the services required to be performed under the contract by Harper & Harper for Henderson county were of a personal character, requiring expert knowledge, skill, and experience, and involved a particular system, both for the plat book and abstract of property. The above contention of appellant is sustained. Commissioners' Court of Madison County et al. v. Wallace et al. (Tex. Sup.) 15 S.W.(2d) 535; Cherokee County v. Odom, Tax. Coll. (Tex. Sup.) 15 S.W.(2d) 538; Houston & T. C. Ry. Co. v. Patton (Tex. Sup.) 9 S. W. 389; City of Houston v. Glover, 40 Tex. Civ. App. 177, 89 S. W. 425; Hunter v. Whiteaker & Washington (Tex. Civ. App.) 230 S. W. 1096.

All of the other contentions by appellants in this case are fully discussed and disposed of in appellants' favor by our Supreme Court in the case first above cited, wherein was involved a similar contract as involved in this case.

The judgment of the trial court is hereby reversed, and judgment here rendered for appellants dissolving the injunction granted by the trial court.