## SYLVAN SANDERS CO. v. SCURRY COUNTY.
### No. 1334.

Court of Civil Appeals of Texas. Eastland.
Nov. 2, 1934.

Rehearing Denied Dec. 7, 1934.

Lockhart & Brown, of Lubbock, for appellant.

Robt. H. Curnutte and Warren Dodson, both of Snyder, for appellee.

HICKMAN, Chief Justice.

Sylvan Sanders and M. C. Butler, composing the partnership of Sylvan Sanders Company, instituted this suit against Scurry county for damages for the breach of a written contract. To their first amended original petition the defendant interposed a general demurrer which was sustained by the trial court, and, the plaintiffs declining further to amend, the cause was dismissed.

Our only inquiry is whether the contract, which was attached to the petition and made a part thereof, is one which the commissioners' court could lawfully execute. Because of its length, it is not deemed advisable to copy the contract in full in this opinion, but it may be epitomized as follows: In its preamble it recites that a prior contract had been made between the parties, under which some services had been performed by appellants, and that, in order to avoid certain legal objections that might arise as to this prior contract, same was declared to be of no further effect, and the instant contract was substituted therefor. The preamble further recited that it was agreed that a public necessity existed requiring that the taxing system of the county be revised; that the commissioners' court had determined the necessity for having made and installed a complete plat book system for the county, which system was necessary to eliminate questions of conflicting and overlapping surveys, etc.; that appellants had proposed to prepare and install said maps and plats and an abstract of delinquent taxes for the years "February 1st, 1908, to February 1st, 1934, both inclusive"; that, after making an investigation into the competency and ability of the appellants, the court determined that they were proper parties to whom the contract should be awarded. It was therefore agreed that the parties should bind themselves in the particulars following. The contract then describes in much detail the services to be rendered by the appellants in the preparation of the plat book

system, and provides for the compensation to be paid therefor out of the delinquent taxes, penalties, and interest collected by the tax collector of Scurry county.

Paragraph VIII was in this language: "Second party further agrees to make, furnish and install an abstract of property assessed or unknown and unrendered on which there are delinquent taxes, penalties and interest due and to become due during the period from Feb. 1, 1908 to February 1, 1934, both inclusive. Said abstract shall show the number of acres so delinquent, the years delinquent, how it was charged upon the rolls, the name of the owner of said tract at the time it became delinquent, the person from whom purchased, and the date he derived title to said tract, and the volume and page of the Public Records where his deed or other title evidence is of record and the date, volume and page of the Deed Records that each subsequent change of ownership occurs down to the present ownership; it shall show the name of any and all outstanding lien holders of record and all other information necessary for the attorney in filing suits, for the collection of said delinquent taxes, penalties and interest, for the period of time covered by such abstracts."

Prior to the act of 1930, hereinafter to be noticed, commissioners' courts were authorized to enter into contracts of this nature by the provisions of articles 7344 and 7335, R. S. 1925. Commissioners' Court v. Wallace, 118 Tex. 279, 15 S.W.(2d) 535; Cherokee County v. Odom, 118 Tex. 288, 15 S.W. (2d) 538. After the above cases were decided, the Legislature enacted some legislation regarding such contracts. See Acts of 41st Legislature 1930, 4th Called Sess. p. 9, ch. 8, brought forward in Vernon's Ann. Civ. St. as article 7335a. This legislation need not be set out in full, but the substance thereof, in so far as it relates to the question for decision, is that a contract entered into by the commissioners' court, "in connection with the collection of delinquent taxes," shall be void unless approved by both the comptroller and Attorney General of the state of Texas, both as to substance and form. The language of the act is clear and unambiguous, and, if a contract is properly designated as one made by the commissioners' court "in connection with the collection of delinquent taxes," the same is void unless it has the approval of both the designated state officials. Easterwood v. Henderson County (Tex. Com. App.) 62 S.W. (2d) 65.

The petition affirmatively alleged that this contract was not approved by these officials. For the purposes of this decision, we shall assume, without determining, that all the provisions of the contract with reference to the installation of a tax system were for a purpose for which the commissioners' court could contract without their approval, but this contract obligated appellants not only to install a tax system for future use, but to compile information necessary for the attorney in filing suits for the collection of delinquent taxes, penalties, and interest, for a period of 27 years. It seems clear that a contract to perform such services would admit of no other classification than one "in connection with the collection of delinquent taxes." In fact, we think it is as much so as would be a contract with an attorney to conduct the tax litigation. To that extent, at least, the contract was void, and, since the void provisions are inseparably connected with provisions which might be valid, the entire contract must fall. Seeligson v. Lewis and Williams, 65 Tex. 215, 57 Am. Rep. 593; Segal v. McCall Co., 108 Tex. 55, 184 S. W. 188; Thomason v. Upshur County (Tex. Civ. App.) 211 S. W. 325.

Appellants rely upon an act of the Legislature, approved May 27, 1931, General Laws 1931, Regular Sess. c. 229, p. 383, brought forward in Vernon's Ann. Civ. St. as article 7264a, reading as follows:

"Sec. 1. It is hereby declared the Policy of the State to adjust delinquent taxes, correct errors, to eliminate conflicts in surveys of land, and to collect the delinquent, occupation, franchise and Ad Valorem Taxes, in order to clear this State of such taxes, errors and conflicts at the earliest date possible, and to provide a system for assessors, in order to eliminate the numerous errors that now appear on the tax rolls each recurring year.

"Sec. 2. Cost of collecting delinquent taxes shall not exceed the amount of the penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected. Any county desiring to install a tax or plat system and clear the county of errors, conflicts and unknown owners, may do so by paying not to exceed 15% of the delinquent taxes collected, which payment shall cover the cost of records and installing same.

"Sec. 3. In order to speedily carry out the provisions of this Act, the State Comptroller and the Commissioners' Court of each of the several counties may employ competent persons to do the work and to furnish the Comptroller and the Commissioners' Courts all

cases where adjustment is necessary; and in all such cases the Commissioners' Court shall make proper settlement or adjustment.

"Sec. 4. This Act is not intended to change any law now in effect regarding the collection of delinquent taxes, but to be an aid to the officials in the discharge of their duties, and when the delinquent taxes in a county are adjusted, corrected and collected, the Comptroller shall take necessary steps to see that all delinquent taxes are collected within a reasonable time after they become delinquent, in order to avoid the necessity of again employing additional help."

The legislative intent in the enactment of this legislation is not clear, but the duty of construing it in its entirety does not rest upon us in the instant case. Whatever might be its meaning, it was held by the Commission of Appeals in the case of Easterwood v. Henderson County, supra, that it did not dispense with the approval of the comptroller and Attorney General of a contract made by the commissioners' court in connection with the collection of delinquent taxes. No other conclusion could be drawn from the act, for it expressly provides that it "is not intended to change any law now in effect regarding the collection of delinquent taxes." Our determination that the contract here involved was, in part at least, made in connection with the collection of delinquent taxes, the opinion in the Easterwood Case becomes controlling, and it is unnecessary to consider any other contentions presented.

Affirmed.