

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

XXXXXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS February 10, 1939

Honorable Stanley Timmins
County Attorney
Marshall, Texas

Dear Sir:

Opinion No. O-289
Re: Validity of delinquent
Tax Contract

        This office is in receipt of your letters of
January 30th and February 4th, outlining certain facts and
requesting an opinion in response to certain questions
which will sufficiently appear below.

        Article 7335, Revised Civil Statutes, reads as
follows:

        "Whenever the commissioners court of any county
after thirty days written notice to the county attorney
or district attorney to file delinquent tax suits and
his failure to do so, shall deem it necessary or ex-
pedient, said court may contract with any competent
attorney to enforce or assist in the enforcement of the
collection of any delinquent State and county taxes for
a per cent on the taxes, penalty and interest actually
collected, and said court is further authorized to pay
for an abstract of property assessed or unknown and
unrendered from the taxes, interest and penalty to be
collected on such lands, but all such payment and
expenses shall be contingent upon the collection of
such taxes, penalty and interest. It shall be the
duty of the county attorney, or of the district attorney,
where there is no county attorney, to actively assist
any person with whom such contract is made, by filing
and pushing to a speedy conclusion all suits for col-
lection of delinquent taxes, under any contract made
as herein above specified; provided that where any
district or county attorney shall fail or refuse to file
and prosecute such suits in good faith, he shall not be
entitled to any fees therefrom, but such fees shall
nevertheless be collected as a part of the costs of
suit and applied on the payment of the compensation
allowed the attorney prosecuting the suit, and the attor-
ney with whom such contract has been made is hereby fully
empowered and authorized to proceed in such suits without

the joinder and assistance of said county or district attorney."

Article 7335a, Revised Civil Statutes, provides:

"Sec. 1. No contract shall be made or entered into by the Commissioners' Court in connection with the collection of delinquent taxes where the compensation under such contract is more than fifteen per cent of the amount collected. Said contract must be approved by both the Comptroller and the Attorney General of the State of Texas, both as to substance and form. Provided however the County or District Attorney shall not receive any compensation for any services he may render in connection with the performance of the contract or the taxes collected thereunder.

"Sec. 2. Any contract made in violation of this Act shall be void."

The County Attorney of Harrison County waived the notice to which he was otherwise entitled under Article 7335. However, that County Attorney was succeeded by another man, Mr. Stanley Timmins, on January 1, 1939, who promptly advised the Commissioners' Court that he would take care of all tax matters as provided by statute and stoutly maintains that it is his right to do so.

Since the date of the contract, the county has been paying the contractor-collector $100.00 per month under the contract, although neither the Comptroller nor the Attorney General have approved the same as required by Article 7335a.

We are asked two questions, in effect, as follows: (1) Is the contract between Harrison County and A. E. Shepher valid? and, (2) are the monthly payments to him authorized by law?

This Department has recently held that such contracts can be validly made with attorneys only.

In 14 American Jurisprudence, 210, the following is said:

". . . The members of a board of county commissioners cannot, however, contract in reference to matters which are personal to their successors. Thus, a contract by which a board of county commissioners attempts to employ a legal adviser for a period of three years, to commence three months in the future and after the time for the election of a person to fill

the vacancy caused by the expiration of the term of office of one member of the board, the term of employment extending over a period during which all the members of the board as constituted at the time of the contract will retire therefrom unless re-elected, is against public policy . . ."

.This seems to be the law in Texas, which is expressed in 11 Tex. Jur., 631, as follows:

"Ordinarily, contracts made by a commissioners' court may not be repudiated merely because the personnel of the body has subsequently changed. It is only where the employment by a commissioners' court is personal and confidential, as in the case of an attorney, that it is held that one commissioners' court has no power to bind its successors."

This last quoted statement is based on the only Texas case on the subject, the case of Gulf Bitulithic Co. v. Nueces County, 11 S.W. (2d) 305, which says:

"It is only where the employment by a commissioners' court is personal and confidential, as in the case of an attorney, that it is held that one commissioners' court cannot bind its successors."

The court decisions in most of the other states that we have found hold that one commissioners' court cannot bind its successors on personal contracts. Coffey County v. Smith, 50 Kan. 350, 32 Pac. 30 (employment of county printer); Franklin County v. Ranck, 9 Ohio C.C. 301 (employment of court-house janitor); Milliken v. Edgar County, 142 Ill. 528, 32 N.E. 493 (employment of poorhouse superintendent); Board of Commissioners v. Taylor, 123 Ind. 148, 23 N.E. 752 (employment of attorney); and Willett v. Calhoun County, 217 Ala. 687, 117 So. 311 (employment of attorney).

A tax collector-attorney would need tact, patience and diligence, and a commissioners' court would have every incentive to want a man with those qualities. In short, each commissioners' court should be entitled to make its own contracts touching on the matter.

Furthermore, the newly elected County Attorney has rights which we do not believe can be overlooked.

Article 7332, Revised Statutes, provides for the county attorney to represent the State and county in suits for delinquent taxes and provides fees for such services.

The county attorney was elected with the understanding

that the above would be a part of his duties and that he would be paid for performing the same. We do not believe a closing administration of a commissioners' court, based upon a waiver signed by an outgoing county attorney, can deprive the incoming county attorney of these valuable rights. Also, we do not believe the County can be thus deprived of any change of having the newly elected county attorney perform these services at less cost than the attorney-contractor will perform the same.

It has been held that until such contracts have been approved by both the Comptroller and the Attorney General they are void. Sylvan Sanders Co. vs. Scurry County, 77 S.W. (2nd) 709; Easterwood vs. Henderson County, 62 S.W. (2nd) 65; White vs. McGill, 109 S.W. (2nd) 1102, 114 S.W. (2nd) 860.

Hence, there has existed no contract between Harrison County and Mr. Shepherd.

Both questions are answered in the negative.

The contract has not yet reached this office, but it necessarily follows from the above that we would be forced to withhold our approval.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:N-cg

APPROVED

ATTORNEY GENERAL OF TEXAS