

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. O. Reed, Chairman
Appropriations Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3304
Re: Constitutionality of
House Bill No. 349.

We have your letter of March 20, 1941, in which you ask our opinion as to the constitutionality of House Bill Number 349. The provisions of this bill may be summarized as follows:

Section 1 provides that the Board of Regents of the University of Texas and its branches and the Boards of the various other State institutions of higher learning therein named are authorized to charge students enrolled in such institutions a "building use fee" of not more than Five ($5.00) Dollars per semester "all or a portion of which may be pledged for the retirement of bonds for the construction and equipment of buildings and power plants, the paving of streets, the purchase of land, and for such other capital improvements as may be needed from time to time for the efficient functioning of the aforesaid institutions * * *." This fee must be included as a part of the fees authorized to be collected by Article 2654c, Acts of the 43rd Legislature, Page 596, Chapter 196, and the governing boards must not increase the tuition at said institutions in excess of the amounts therein authorized.

Section 2 provides that the construction of the capital improvements contemplated in the Act shall be made without cost to the State of Texas and that no bonds issued for such improvements shall constitute a debt of the State of Texas but shall be a charge only against the revenues pledged for their payment. This section further provides that no appropriations shall be made out of the General Fund of the State for the purpose of equipping or furnishing or for the purpose of purchasing or installing any utility connection in any of the buildings erected by virtue of the provisions of this Act.

Honorable W. O. Reed, page 2

Section 3 provides that the building use fee shall be deposited in the Depository Bank of the institution in a special account describing the purpose for which the fee was collected and the objects for which it is to be applied.

Section 4 provides that such fee shall be collected at the time the regular registration fees are collected and by the same officials collecting the registration fees.

Section 5 provides that students taking less than twelve credit hours of work shall pay only a fractional part of the fee fixed for those students taking twelve or more credit hours and also provides for the payment of a lesser fee by students in the summer session.

Section 6 provides that the governing body of each of the named institutions is authorized to issue, sell and deliver negotiable revenue bonds to mature serially or otherwise in not exceeding thirty years from their date, to bear interest at not exceeding four per cent per annum, and to contain provisions for payment to be determined by said boards. It is further provided that such board is "authorized to pledge all or any portion of the proceeds of the building use fee authorized in Section 1 of this Act, and said bonds may be additionally secured by a pledge of the net revenues from the buildings and facilities to be constructed, acquired or improved with the proceeds of such bonds and from other buildings or facilities heretofore or hereafter constructed or acquired." Such boards are required to fix the amount of such fees, within the maximum rate of $5.00 per semester, so that the proceeds will be sufficient to pay the interest and principal on said bonds and to provide a reasonable reserve. When the bonds are secured in whole or in part by a pledge of the net revenues from buildings or facilities, such board must fix rental and charges for the buildings and facilities whose net revenues are thus pledged at rates sufficient to pay the maintenance and operation expense of such buildings and facilities and to produce net revenues which, together with the building use fee authorized in Section 1, will be sufficient to pay the interest and principal of such bonds as they may accrue and mature.

Honorable W. O. Reed, page 3

Section 7 provides that the boards of the named institutions shall not be permitted to contract bonded indebtedness in excess of eighty per cent of the amount which can be amortized with the revenues from said building use fee estimated at the time of the authorization of such revenue bonds. Any excess revenues accruing from said fee, above the amount normally required for the orderly retirement of said bonds, shall be held as surplus in the special bond account as a contingent fund for use when necessary in the event of a reduction of income from a decrease of enrollment.

Section 8 provides that bonds issued under the provisions of this Act shall be eligible investments for the Permanent School Fund of Texas.

Section 9 provides that the bonds must be approved by the Attorney General and registered in the office of the Comptroller of Public Accounts. After the bonds are so approved and registered, it is provided that they shall be held to be valid and binding obligations, that the certificate of approval of the Attorney General or a duly certified copy thereof shall be admitted and received in evidence, and that the only defense which can be offered against the validity of such bonds shall be forgery or fraud.

Section 10 is the emergency clause.

The provisions of House Bill No. 349, summarized above, are very similar to the provisions of Article 2603c, Vernon's Annotated Civil Statutes, which was held to be constitutional by this department in Opinion No. O-1694. A copy of this opinion is attached hereto for your information. House Bill No. 349 goes farther than Article 2603c, in that House Bill No. 349 authorizes the issuance of bonds for the paving of streets, the purchase of land, and other capital improvements, while Article 2603c, provides for the issuance of bonds only for the construction of buildings of various kinds, but we do not believe that this difference is important in determining the constitutionality of House Bill No. 349. Both acts provide for the collection of fees and charges for the use of the buildings, which fees and charges may be pledged to the payment of the bonds.

We believe that House Bill No. 349, like Article 2603c, is valid, and that its validity is established by the decision of

Honorable W. O. Reed, page 4

the Supreme Court of Texas in the case of Texas National Guard
Armory Board v. McCraw, 132 Tex. 613, 126 S. W. (2d) 627.  See
also Lower Colorado River Authority v. McCraw, 125 Tex. 268,
83 S. W. (2d) 629; Brazos River Conservation and Reclamation
District v. McCraw, 126 Tex. 506, 91 S. W. (2d) 665; Cherokee
County v. Odom, 118 Tex. 288, 15 S. W. (2d) 538.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 5, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By  James P. Hart

James P. Hart
Assistant

JPH:EP