

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 22, 1972

Honorable Robert S. Calvert          Opinion No. M-1191
Comptroller of Public Accounts
State of Texas                       Re: Constitutionality of Section 19,
State Finance Building                    Article V, Senate Bill No. 11,
Austin, Texas 78774                       R.S., 62nd Legislature, 1971

Dear Mr. Calvert:

You have requested our opinion of the constitutionality of Article V, Section 19 of the current General Appropriation Bill (Acts, 62nd Leg., R.S. 1971, ch. 1047, p. 3804.) That section reads as follows:

> "Sec. 19. Cooperation for the General Welfare. The Executive departments and agencies of the State, when requested by the Governor, are authorized to transfer and to use available moneys appropriated in this Act for the purpose of rendering all practical assistance to the Governor or to State Departments and Agencies designated by him in making surveys and investigations and taking necessary action resulting therefrom, in the public interest; or for such other purposes as will aid the economic growth and general welfare of the State; and for civil defense and disaster relief functions as authorized by State law; provided, however, that copies of such requests for transfer and notice of the Governor's action on such requests, shall be filed with the Legislative Budget Board. "

This section attempts to authorize, upon request of the Governor, transfers of appropriated funds from the agency to which the appropriation is made to another agency. In our opinion the section is contrary to the State Constitution and is invalid.

There is no authority in the Constitution which authorizes the Executive Department or its state agencies to act for the Legislature by saying what agencies may spend what money. To the contrary, the Texas Constitution, Article II, Section 1, specifically prohibits the Executive Department from exercising power properly attached to the Legislative Department. Furthermore, Article VIII, Section 6, Constitution of Texas, prohibits the drawing of money from the Treasury "but in pursuance of specific appropriations made by law," and it has been held that this provision of the Constitution may not be ignored or evaded. Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898); Cherokee County v. Odom, 297 S.W. 1055 (Tex. Civ. App. 1927, rev'd on other grnds., 118 Tex. 288, 15 S.W. 538); National Biscuit Co. v. State, 134 Tex. 293, 135 S.W. 2d (1940); 52 Tex. Jur. 2d 747, State of Texas, Sec. 37.

Under the constitution and statutes of Texas, the legislature is the sole judge of the need and purpose for expending the state's money; by whom it shall be expended; and the amount to be expended, subject only to the veto of the Governor. The legislature cannot delegate this legislative power to the executive department of government. Texas Constitution, Article II, Section 1. The Governor's sole power concerning appropriations is the power to veto. This power is limited by time and in method of exercise. Texas Constitution, Article IV, Section 14.

Under Section 19 of the Appropriation Bill, the legislative powers to determine purposes and amounts of appropriations are transferred to the executive department of government in violation of Article II, Section 1, Texas Constitution. These legislative functions are non-delegable, and the legislature cannot authorize the Executive Department and state agencies, at the request of the Governor to "re-appropriate" state funds once before appropriated by it to another agency for other purposes. In effect, under Section 19, the purpose declared by the Legislature in the Appropriation Bill is completely changed, and Section 19 amounts to a blank check to the Executive Department to make an appropriation or reappropriation. "It is not what has been done but what can be done under a statute that determines its constitutionality." See, State v. State Board of Finance, 69 N.M. 430 P. 2d 925, 932-933 (1961), anc cases there cited.

"No law shall be passed, except by bill" (Texas Constitution, Article III, Section 30) and, "No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law" (Texas Constitution, Article VIII, Section 6.) A power lodged in the Governor to transfer funds contrary to their appropriated purpose for unspecified purposes and in unspecified amounts is not a specific appropriation. An appropriation by the Governor is not "by bill" and therefore not a law in and of itself.

In view of the foregoing considerations, we must hold that Section 19 of Article V of the current General Appropriation Act is invalid and unconstitutional.

## SUMMARY

Article V, Section 19 of the current General Appropriations Bill is an unconstitutional delegation of legislative power to the Executive Department of government and is invalid.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

Sam Jones
J. C. Davis
John Grace
Ralph Rash

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant