Honorable Donald M. Keith Criminal District Attorney Polk County Courthouse Livingston, Texas 77351
Re: Validity under article VIII, section 14, of the Texas Constitution, of section 6.30 of the Tax Code (RQ-1479)
Dear Mr. Keith:
You ask the following question:
 Does section 6.30 of the Texas Property Tax Code violate article VIII, section 14, of the Texas Constitution insofar as it attempts to ascribe duties incident to tax collections to persons other than the County Tax Assessor-Collector?
Section 6.30 of the Tax Code provides as follows:
 (a) The county attorney or, if there is no county attorney, the district attorney shall represent the county to enforce the collection of delinquent taxes if the commissioners court does not contract with a private attorney as provided by Subsection (c) of this section.
(b) [applies to taxing unit other than a county]
 (c) The governing body of a taxing unit may contract with any competent attorney to represent the unit to enforce the collection of delinquent taxes. . . .
(d) [repealed]
 (e) A contract with an attorney that does not conform to the requirements of this section is void.
Section 6.30 pertains to representation of the county in enforcing delinquent tax collections. It provides no role for the county tax assessor-collector, and for this reason, you wish to know whether it violates article VIII, section 14, of the Texas Constitution. This constitutional provision reads as follows:
 Except as provided in Section 16 of this Article, there shall be elected by the qualified voters of each county, an Assessor and Collector of Taxes, who shall hold his office for four years and until his successor is elected and qualified; and such Assessor and Collector of Taxes shall perform all the duties with respect to assessing property for the purpose of taxation and of collecting taxes, as may be prescribed by the Legislature.[1]
(Emphasis added.)
Tex. Const. art. VIII, § 14.
The offices of tax assessor and tax collector were formerly separate offices established respectively by sections 14 and 16 of article VIII. H.J.R. No. 21, Acts 1931, 42d Leg., at 942; Acts 1933, 43d Leg. at xix. In 1932 these constitutional provisions were amended to consolidate the two offices into a single office of tax assessor-collector. The same amendment added the underlined clause to article VIII, section 14. Id.
The commissioners court had statutory authority to contract for attorneys to enforce delinquent tax collections before the 1932 amendment consolidated the tax collector's and tax assessor's offices. See Acts 1923, 38th Leg., 3d C.S., ch. 13, at 31; Acts 1923, 38th Leg., 2d C.S., ch. 35, at 78 (enacting predecessor of section 6.30 of Tax Code, formerly codified as article 7335, V.T.C.S. (Vernon 1960)). Judicial discussions of the relative powers of the commissioners court and the constitutional tax collector in collecting delinquent taxes provide some insight into which tax collection functions the legislature could at that time allocate to other officers. See generally Attorney General Opinion JM-911 (1988) at 17 ("core functions" of county treasurer's office); Attorney General Opinion JM-833 (1987) (county tax assessor-collector).
In Rusk County v. Maloney, 38 S.W.2d 868 (Tex.Civ.App.-Texarkana 1931, writ ref'd), the court stated that the tax collector's statutory authority to receive and collect taxes meant that he was "to demand and enforce in the ordinary way" the payment of taxes on the assessment roll, but he did not have exclusive authority over the collection of delinquent taxes.38 S.W.2d at 871. The commissioners court had authority to employ other persons to assist in enforcing the collection of delinquent taxes. Id.
In upholding a provision of former article 7335, V.T.C.S., which authorized the commissioners court to "pay for an abstract of property assessed or unknown and unrendered" from the taxes, interest and penalty collected on such lands, the Texas Supreme Court rejected the view of the Court of Civil Appeals that all duties regarding the collection of delinquent taxes were vested by the constitution in a constitutional officer. Cherokee County v. Odom, 15 S.W.2d 538 (Tex. 1929). The Supreme Court quoted the following statement made by the court below:
 The Constitution provides for the election of a tax assessor in each county. . . . The Constitution has also provided for the election of a tax collector in each county, to whom is committed the duty of performing all the duties, other than those involved in judicial proceedings, which are necessary in the collection of taxes. It has likewise provided for the election of county and district attorneys, whose duty it is to represent the state and county in filing and prosecuting suits necessary for the collection of delinquent taxes. (Emphasis added.)
15 S.W.2d at 540 (quoting Cherokee County v. Odom, 297 S.W. 1055
(Tex.Civ.App.-Texarkana 1927), rev'd 15 S.W.2d 538 (Tex. 1929)). The Supreme Court disagreed with the lower court, stating the duty of "performing these arduous, laborious, and technical services for a county" is not placed by the constitution or the statutes upon the county tax assessor, the county tax collector, the county or district attorney, or any other officer of government. Id. at 541.
Of particular interest in addressing your question is the lower court's exclusion of duties involved in judicial proceedings from the tax collector's area of responsibility. Although that court believed that a broad range of tax collection functions may be performed only by the county tax collector, it did not include duties involving judicial proceedings among his constitutionally mandated duties. Section 6.30 of the Tax Code concerns the legal representation of the county by an attorney in enforcing the collection of delinquent taxes, i.e., tax collection duties which may involve judicial proceedings. See Cameron v. Earnest,34 S.W.2d 685 (Tex.Civ.App.-San Antonio 1930, writ dism'd) (attorney could be compensated for collecting delinquent taxes even though he did not bring suit therefor).
The 1932 amendment to article VIII, section 14, of the Texas Constitution was submitted to the voters under the following ballot proposition:
 `For amendment to the Constitution of the State of Texas, combining into one office of Assessor and Collector of Taxes, the offices of Assessor and Tax Collector'; and . . . `Against the amendment to the Constitution of the State of Texas, combining into one office of assessor and collector of taxes, the offices of assessor and tax collector.'
H.J.R. No. 21, Acts 1931, 42d Leg., § 3, at 943. Thus, according to the ballot proposition and also the caption to the resolution proposing the amendment, the reason for adopting this provision was to consolidate the offices. Neither the caption nor the ballot proposition mentioned the clause stating that the tax assessor-collector "shall perform all the duties with respect to assessing property . . . and of [sic] collecting taxes as may be prescribed by the Legislature."
This clause may only have been intended to mean that the new tax assessor-collector would perform all the duties formerly performed by the two separate officers, even if the statutes placed such duties on the "tax assessor" or the "tax collector." Duties with respect to tax assessment and tax collection had in the past been prescribed by the legislature and would still be prescribed by the legislature. The added clause is not the basis of any limits on the legislature's power to change "core functions" of the tax assessor-collector; these limits already existed with respect to the separate offices and after 1932 applied to the combined office of tax-assessor collector. See Missouri, K. T. Ry. Co. of Texas v. Shannon, 100 S.W. 138, 142
(Tex. 1907). The explicit statement that the tax assessor-collector "shall perform all the duties" with respect to tax assessment and collection in effect codifies the view that the constitution delegates a certain body of tax assessment and tax collection functions to the county tax assessor-collector so that the legislature may not delegate them by statute to other persons. See Green v. Stewart, 516 S.W.2d 133 (Tex. 1974); Attorney General Opinion JM-833 (1987); Letter Advisory No. 117 (1976); see also Wilson v. Galveston County Central Appraisal District, 713 S.W.2d 98 (Tex. 1986) (discussing article VIII, section 18, of Texas Constitution, which mandates single appraisal and single board of equalization in each county).
Neither the legislature nor the courts treated the 1932 amendment as repealing existing law on contracts for delinquent tax collections or otherwise radically changing the legislature's power to define tax assessment and collection duties. The first legislative session to meet after the amendment was approved by the voters adopted the following provision to implement it:
 Hereafter, whenever the words `Assessor,' `Assessor of Taxes,' `Collector,' `Collector of Taxes,' or `Tax Collector' are used, either in Articles 7181 to 7359 . . . as well as the Revised Code of 1925 . . . same shall be applicable to and mean the one office or officer of Assessor and Collector of Taxes, and shall be so construed as to accomplish the object and intent and carry out the purpose of Sections 14 and 16 of Article 8, of the Texas Constitution, as the same was amended on November 8, 1932.
Acts 1933, 43d Leg., ch. 197, § 5, at 600 (codified as V.T.C.S. art. 7181a (1925), repealed by Acts 1979, 66th Leg., ch. 841, s 6(a)(1), at 2329). In determining the meaning of a constitutional provision, a court will give weight to a legislative construction, particularly to a contemporaneous construction which has been acquiesced in and adhered to for a long period of time. Director of Department of Agriculture Environment v. Printing Industries Assn., 600 S.W.2d 264 (Tex. 1980); Walker v. Baker, 196 S.W.2d 324 (Tex. 1946).
In 1938, the Texas Supreme Court, in holding a 1937 county contract for collection of delinquent taxes invalid because it was not approved by the comptroller and the attorney general as required by statute, stated as follows:
 The Legislature has the sole power to provide for the collection of delinquent taxes and to fix the compensation to be paid for such services. It is also true that the commissioners' courts derive their power to execute contracts with respect to the collection of delinquent taxes exclusively from the statutes. Easterwood v. Henderson County, Tex.Com.App., 62 S.W.2d 65.
White v. McGill, 114 S.W.2d 860, 863 (Tex. 1938). Neither the parties nor the court raised any question as to the validity of the statute under article VIII, section 14. Nonetheless, the court's unqualified statement about the legislature's power and its citation of Easterwood v. Henderson County, 62 S.W.2d 65
(Tex.Comm'n App. 1933, judgmt. adopted), a case involving a pre-1932 contract for delinquent tax collections, suggest that no such constitutional issue even vaguely troubled the court.
In Pritchard Abbott v. McKenna, 350 S.W.2d 333 (Tex. 1961), the Supreme Court determined that the commissioners court had implied authority to contract for the appraisal of all properties in the county to assist it in carrying out its duties as a board of equalization for the county. In upholding the contract the court rejected the argument that it resulted in the commissioners court taking over the functions of the county tax assessor and collector. 350 S.W.2d at 336-338. The court also rejected the argument that the contract was invalid under the reasoning of White v. McGill, stating that:
 [T]he contract between Galveston County and Pritchard Abbott was not entered into in connection with the collection of delinquent taxes and so for that reason did not require the approval of the State Comptroller. Consequently the decisions in Marquart v. Harris County and White v. McGill are not in point.
350 S.W.2d at 338. Thus, even in a case where the Supreme Court explicitly dealt with an issue of usurpation of the tax assessor-collector's authority, the court matter-of-factly referred to the collection of delinquent taxes pursuant to a contract authorized by the commissioners court under a predecessor of section 6.30 of the Tax Code.
The authorities discussed in this opinion show that the legislature and the courts have long assumed the contractual procedure authorized by section 6.30 and its predecessors to be consistent with the constitutional authority of the county tax collector and tax assessor-collector. Such constructions of constitutional provisions are entitled to great weight. See Director of Department of Agriculture Environment v. Printing Industries Assn., supra. Moreover, section 6.30 of the Tax Code pertains to collection efforts by the district or county attorney or by a private attorney with whom the commissioners court has contracted. As the court of civil appeals in Cherokee County v. Odom suggested, legal representation in the collection of delinquent taxes is outside the scope of the tax assessor-collector's constitutional functions. 297 S.W. 1055
(Tex.Civ.App.-Texarkana 1927), rev'd on other grounds,15 S.W.2d 538 (Tex. 1929). The courts have not decided what powers and duties comprise the county tax assessor-collector's non-delegable duties, see Green v. Stewart, supra, and we need not address that question. The courts' long acceptance of the contracts now authorized by section 6.30 and the history of the amendment to article VIII, section 14, of the Texas Constitution convince us that the procedures authorized by section 6.30 of the Tax Code do not violate that constitutional provision. See also Tex. Const. art. V, § 18; Pritchard Abbott v. McKenna, supra; Cherokee County v. Odom, supra, (authority of commissioners court to make contracts for the county).
 SUMMARY
Section 6.30 of the Tax Code does not violate article VIII, section 14, of the Texas Constitution.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General
[1] The second clause of article VIII, section 14 should be read as if it stated: "all duties with respect to assessing property . . . and to collecting taxes, as may be prescribed by the Legislature." G. Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis, 638 (1977).